(October 20, 1952.)

■

AIELLO DAIRY FARMS COMPANY, a Copartnership, Appellant, v. NORMAN G. KIRK, Defendant, and GENESSEE FREIGHT LINES, INC., Respondent.— In a negligence action, order denying motion for further examination before trial of defendant Genessee Freight Lines, Inc., reversed on the law, with $10 costs and disbursements, and motion granted, without costs. In order to establish, if it can, intimacy of control of the driver and the truck, the plaintiff is entitled to examine the officers or employees of the defendant corporation who were familiar with the transaction. The officer who previously testified in response to the original order for examination before trial disclaimed knowledge of the transaction. Appeal from order denying motion for reargument dismissed, without costs. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

■

MARGARET ARBUCKLE, Respondent, v. LOEW'S THEATRE & REALTY CORPORATION, Appellant.— In an action to recover damages for personal injuries allegedly suffered by plaintiff when she fell in a theatre owned and operated by defendant, defendant appeals from an order granting plaintiff's motion for an examination before trial of defendant by one of its officers familiar with the facts. Order modified on the law and the facts by substituting for the present item " 6 " of the proposed examination the following: " 6. The names and addresses of defendant's agents, servants and employees who were, on January 22, 1950, at the time when plaintiff alleges she was injured, in charge of Loew's Lexington Theatre or that portion thereof where plaintiff alleges she received injuries." As so modified, the order is affirmed, without costs. Item " 6 " as included in the order appealed from would require disclosure of the identity of persons whose testimony would neither be material nor necessary on the trial of this action. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur. [200 Misc. 642.]

■

JEAN T. BRAST, Appellant, v. FIRST NATIONAL BANK AND TRUST COMPANY OF BAY SHORE, N. Y., Respondent.— In an action for conversion of property, order granting defendant's motion for summary judgment, and the judgment entered in accordance therewith, unanimously affirmed, with $10 costs and disbursements. The proof adduced by the defendant, inclusive of the transfer of the automobile and the statement in the letter of the husband of plaintiff that he was informed the sum realized on the sale of the automobile was " the unpaid balance on the car ", sufficiently shows that the proceeds of the automobile did not serve to extinguish the $312 indebtedness. Present — Carswell, Acting P. J., Johnston, Wenzel, MacCrate and Schmidt, JJ.