■ GUSSIE SPATZ, Appellant, v. SOMERSTEIN CATERERS, INC., et al., Respondents.— In a negligence action to recover damages for personal injury sustained by plaintiff when she fell on the ballroom floor of the Belle Harbor Jewish Center (owned and operated by defendant Congregation) while she was attending a wedding reception " catered " by the defendant Somerstein Caterers, Inc., plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County, dated June 17, 1963, as made the following disposition of her motion for omnibus relief: (1) Denied, upon reconsideration, her motion insofar as she sought to strike out the Congregation's pleadings by reason of its willful failure to comply with the court's prior orders (the first decretal paragraph of order appealed from); (2) Denied her motion, insofar as she sought to punish the Congregation for contempt by reason of the conduct of its president, Isidore Shipper, in willfully submitting a false affidavit (the second decretal paragraph); (3) Denied her motion, insofar as she sought to direct the Congregation to continue and to complete its pretrial examination by its said president Isidore Shipper, by its former president Seymour Frank and by its present superintendent William Connors (the third decretal paragraph); and (4) Denied her motion, insofar as she sought a discovery and inspection of the Congregation's books and records relating to the repairs of the said ballroom floor, and insofar as she sought to take photographs of the area surrounding such floor (the fourth decretal paragraph). Order modified as follows: (a) by striking out the third decretal paragraph and by substituting therefor a provision granting plaintiff's motion to the extent of directing the Congregation to continue and complete its pretrial examination by Isidore Shipper, Seymour Frank and William Connors, who, respectively, are its current president, its former president and its current superintendent; and (b) by amending the fourth decretal paragraph so as to provide that plaintiff's motion is granted to the extent of directing the Congregation to produce for plaintiff's discovery and inspection all its books and records relating to the repairs of the ballroom floor for one year prior to November 19, 1960, the date of the accident. As so modified, order, insofar as appealed from, affirmed, with $20 costs and disbursements, to be paid by the defendant Congregation to the plaintiff. The Congregation's further pretrial examination by the three persons named and the discovery and inspection of its books and records, as here directed, shall proceed on 10 days' written notice by the plaintiff or at such times and at such places as the parties may mutually fix by written stipulation. The initial examination of the Congregation by its clerical secretary proved to be unsatisfactory in that she (the secretary) lacked requisite knowledge of the facts relating to the accident in question and relating to certain repairs to the said ballroom floor. When plaintiff sought to further examine the Congregation, her motion was denied on condition that it furnish a verified statement by an officer or employee that to his knowledge none of its officers, agents or employees has any personal knowledge of the facts sought. The Congregation's president, Isidore Shipper, furnished such an affidavit. However, the pretrial testimony of the agent of the codefendant, Somerstein Caterers, Inc., controverted this affidavit with respect to the repairs to the ballroom floor and with respect to

the said president's knowledge concerning the accident. Under the circumstances, we believe that in the interests of justice a continuation of the examination of the Congregation by the persons named, is required. Such continuance is consonant with the modern principle of broad disclosure (*Mudge* v. *Hughes Constr. Co.*, 16 A D 2d 106) and with the implementary rule that further disclosure by designated employees or officers shall be available if the corporation, in the exercise of its prerogative to select in the first instance the particular employee or officer to be examined, fails to produce the person who possesses the requisite knowledge (*United States Overseas Airlines* v. *Cox*, 283 App. Div. 31; *Aiello Dairy Farms Co.* v. *Kirk*, 280 App. Div. 945). Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.