■ ARTHUR D. GOLDSTEIN, Respondent, v. ERIC PRISANT et al., Defendants, and MARK DISMAN, Appellant.— In an action to recover damages for personal injury allegedly sustained by the plaintiff as a result of the negligence of the defendants with respect to the operation of a motorboat, the defendant Mark Disman, the owner of the boat, appeals: (1) from an order of the Supreme Court, Nassau County, entered October 5, 1964, which denied his motion for leave to serve an amended answer pleading as a defense a limitation of liability pursuant to statute (U. S. Code, tit. 46, § 183, subd. [a]); and (2) from an order of said court, entered October 27, 1964, upon reargument, which adhered to the original decision. Appeal from order of October 5, 1964 dismissed, without costs; that order was superseded by the order of October 27, 1964. Order of October 27, 1964 affirmed, with $10 costs and disbursements (see *King* v. *Liotti*, 190 Misc. 652). Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

■ STEVEN GOULD, an Infant, by His Guardian ad Litem, ALBERT GOULD, et al., Respondents, v. CARSON C. PECK MEMORIAL HOSPITAL, Appellant, et al., Defendant.— In an action by an infant and his father to recover damages for personal injury and loss of services alleged to have been sustained as a result of the defendants' negligence and malpractice, the defendant Carson C. Peck Memorial Hospital appeals from so much of an order of the Supreme Court, Kings County, entered September 11, 1964, as directed that it submit to a further pretrial examination by a specified staff physician. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. The examination, as directed by the order, shall proceed on 10 days' written notice or at such other time and place as the parties may mutually agree by written stipulation. In our opinion, under the circumstances of this case, Special Term properly directed the further examination of the defendant Peck Hospital by the designated staff physician. The persons produced by this defendant at the original examination lacked knowledge of the facts with respect to the medical treatment rendered to the infant plaintiff. The physician whom plaintiffs now seek to examine apparently is the only person with the requisite knowledge. The statute (CPLR 3101, subd. [a], par. [1]) provides for "full disclosure of all evidence material and necessary in the prosecution or defense of an action" by a "party, or the officer, director, member, agent or employee of a party". Admittedly the physician in question is a member of the hospital staff and was assigned by it to care for the infant plaintiff. The hospital offered no evidence that he was not its member, agent or employee. His testimony is material and necessary to prosecution of the action. Accordingly, even if the existence of a master-servant relationship sufficient to invoke the rule of *respondeat superior* is an issue to be later resolved upon the trial, the plaintiffs should not now be denied the benefit of the full disclosure permitted by CPLR article 31. Christ, Brennan, Rabin and Benjamin, JJ., concur; Beldock, P. J., not voting.