■ VINCENT SCHIFFER, Appellant, v CENTRAL GENERAL HOSPITAL, Respondent, et al., Defendants.—In a medical malpractice action, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, entered December 16, 1977, as, upon granting plaintiff's motion for reargument, adhered to its original determination dated October 18, 1977, which in part denied plaintiff's motion insofar as it was (1) to conduct further pretrial examinations of defendant hospital by four specified employees, and (2) to compel the production of certain hospital records pertaining to defendant's blood bank operation. Order reversed insofar as appealed from, without costs or disbursements, and upon reargument it is directed that the defendant hospital appear for further pretrial examinations by the four specified employees and produce the hospital records pertaining to its blood bank operation. The examinations shall proceed at such times and places as shall be fixed in a notice of not less than 10 days, to be given by the plaintiff, or at such other times and places as the parties may agree. In our opinion the two employees produced by defendant hospital at the original examination lacked knowledge of facts with respect to why blood of plaintiff's intestate's type was not continually available at the hospital blood bank for transfusions during the period she was hemorrhaging after the

delivery of her child. The witnesses produced by defendant hospital were a health records analyst who only testified as to information contained in the hospital records, and its blood bank supervisor who was not an employee of the hospital on April 23, 1974, the date of the events and occurrences in issue. Neither employee demonstrated any personal knowledge of what transpired at the blood bank during the critical period when blood of plaintiff's intestate's type became unavailable. It should be further noted that the four codefendant doctors who plaintiff has examined also appear to lack personal knowledge of what actions were being taken at the blood bank to supply the needed blood. Their vantage point at the time of the crisis was solely in the recovery room. The record does not indicate that any of them had direct contact with employees of the blood bank or laboratory. The four persons whom plaintiff now seeks to examine are: (a) three nurses who were attending plaintiff's intestate at the time in question and were in personal contact with the blood bank and laboratory employees during the emergency and (b) a laboratory technician on duty at the blood bank at the time. Apparently they are persons with requisite knowledge (cf. *Gould v Peck Mem. Hosp.*, 24 AD2d 449). The applicable rule is that disclosure by designated employees shall be made available if the corporation, in the exercise of its prerogative to select in the first instance the particular employee or officer to be examined, fails to produce the person or persons who possess the requisite knowledge (*Spatz v Somerstein Caterers*, 19 AD2d 909). We also believe that the blood bank records sought by plaintiff should be produced by defendant hospital, since undoubtedly they will be needed by plaintiff both during the oral depositions of the four specified employees, and also at any subsequent trial. O'Connor, J. P., Lazer, Mangano and Gulotta, JJ., concur.