■ LINDA GREGORITSCH, Individually and as Administratrix of the Estate of PETER H. GREGORITSCH, Deceased, Appellant, v JOHN T. MATHER MEMORIAL HOSPITAL, Respondent, et al., Defendants. — Appeal by plaintiff from so much of an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated December 16, 1981, as denied the branch of her application which sought to examine the defendant John T. Mather Memorial Hospital by its employee Barbara Farruggia. Order reversed, insofar as appealed from, with $50 costs

and disbursements, and the branch of the motion which is for leave to examine the defendant hospital by its employee Barbara Farruggia is granted. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may agree. This is an action, *inter alia,* to recover for the wrongful death of the plaintiff's decedent, allegedly due to the medical malpractice of certain physicians in the employ of the defendant hospital and several other physicians. The deceased was admitted to the emergency room of the defendant hospital at 3:35 P.M. on the afternoon of August 16, 1978 and he died there at 9:10 P.M. that same day. For part of that time the decedent left the hospital and traveled to the office of one of the individual physician defendants for an examination and then returned to the hospital. After examining the hospital by James M. Bitonti, one of the nurses on duty in the emergency room when the decedent was a patient, and after reviewing the hospital records, the plaintiff learned that the head nurse in the emergency room at the time was Barbara Farruggia. Her signature appears some five times in the hospital records. Bitonti testified at his examination before trial that it was Farruggia who filled out the presurgical checklist and that several entries in the patient's records were in her handwriting. CPLR 3101 (subd [a], par [1]) states, in relevant part, that "[t]here shall be full disclosure or all evidence material and necessary in the prosecution or defense of an action * * * by * * * a party * * * *or employee of a party"* (emphasis added). It appears that the defendant hospital's employee Barbara Farruggia was an observer and participant in the events surrounding the treatment and subsequent death of the decedent. There is, therefore, a substantial likelihood that she possesses knowledge of, facts bearing on the controversy which will assist plaintiff in preparing for trial (cf. *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406), and accordingly the branch of plaintiff's motion which sought leave to examine the hospital by her should have been granted (cf. *Schiffer v Central Gen. Hosp.,* 71 AD2d 1018). Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.