■ LEONTEIL HEIL, as Temporary Administratrix of the Estate of ARTHUR HEIL, Deceased, and on Behalf of the Next of Kin of ARTHUR HEIL, Appellant, v NASSAU HOSPITAL, Respondent, et al., Defendants. — In a wrongful death action, plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated April 5, 1983, as granted those branches of defendant hospital's motion which were for a protective order vacating plaintiff's notice to examine three of defendant hospital's employees, i.e., Lydia Melendez, Alberta Gordon and a "Miss Jones" and (2) as limited by her brief, from so much of an order of the same court, dated June 8, 1983, as, upon reargument, adhered to its original determination. Appeal from order dated April 5, 1983, dismissed as academic, without costs or disbursements. Said order was superseded by the order dated June 8, 1983, made upon reargument. Order dated June 8, 1983 reversed insofar as appealed from, without costs or disbursements, and, upon reargument, the provisions of the order dated April 5, 1983, which granted those branches of defendant hospital's motion which were for a protective order vacating plaintiff's notices to examine Lydia Melendez and Alberta Gordon are vacated, and those branches of defendant hospital's motion are denied. The examinations before trial of Lydia Melendez and Alberta Gordon shall proceed at a time and place to be fixed by plaintiff in a written notice of not less than 10 days, or at such other time and place as the parties may agree. In this wrongful death action, plaintiff alleges that on August 17, 1980, defendant hospital and/or its employees failed to promptly respond to the calling of a cardiac emergency code, thereby depriving plaintiff's decedent of timely and proper resuscitative treatment. The record indicates that (1) both Melendez, a nurse's aide, and Gordon, a unit secretary, were assigned to the cardiac care unit where plaintiff's decedent was treated; (2) either Melendez or Gordon (the registered nurse present could not remember exactly which one) was instructed to leave the decedent's room and call the cardiac emergency code; and (3) both Melendez and Gordon immediately left decedent's room after that instruction was given. Under these circumstances, it is clear that Melendez and Gordon were observers and participants in the events surrounding the treatment and subsequent death of the decedent. There is, therefore a substantial likelihood that they possess knowledge of facts bearing on the controversy which will assist plaintiff in preparing for trial (*Gregoritsch v Mather Mem. Hosp.,* 88 AD2d 987; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Accordingly, those branches of defendant hospital's motion which were for a protective order vacating notices to examine Melendez and Gordon should have been denied. With respect, however, to the witness Jones, we are of the view that Special Term correctly granted a protective order. Mangano, J. P., Gibbons, Weinstein and Brown, JJ., concur.