■ EDEN PARK HEALTH SERVICES, INC., et al., Appellants, v PETER OTTLEY, Individually and as President of Local 144, Hotel, Hospital, Nursing Home & Allied Services Union, SEIU, AFL-CIO, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered July 13, 1981 in Albany County, which granted defendants' motion to dismiss the amended complaint for failure to state a cause of action. Plaintiff Eden Park Health Services, Inc., operates a nursing home in Poughkeepsie, New York, and plaintiff Varkas Minoogian is the corporate president. Defendant Local 144, Hotel, Hospital, Nursing Home & Allied Services Union, SEIU, AFL-CIO is the duly certified bargaining representative for the service and maintenance employees at the Poughkeepsie nursing home, and the remaining defendants are two officers and an agent of the defendant union. The instant controversy admittedly arose out of a labor dispute between the parties during which the individual defendants allegedly made defamatory statements on radio shows and at a New York State Assembly hearing about plaintiffs and the subject nursing home. In their amended complaint, however, plaintiffs did not plead any special damages arising out of defendants' alleged statements, and, consequently, Special Term dismissed their amended complaint while granting leave to plaintiffs to replead if they so desire. This appeal ensued, and we hold that the challenged order must be affirmed. As previously noted, the defamatory statements giving rise to this litigation were admittedly uttered in the midst of a prolonged and heated labor dispute. As indicated by the decision of the United States Supreme Court in *Linn v Plant Guard Workers* (383 US 53), such an action involves competing interests, i.e., the Federal interest in permitting and encouraging free and open debate in the context of labor negotiations and disputes and the State interest in providing redress to its citizens for malicious libel, which requires a melding and balancing of these competing and conflicting interests. Toward that end the court in *Linn (supra)* adopted the standard previously enumerated in *New York Times Co. v Sullivan* (376 US 254), which requires a showing of actual malice. In addition to this requirement, the court made it clear that it was also necessary to allege actual or special damage (2 NY PJI 3:23 [2d ed], pp 29, 32 [1981 Supp]; Restatement, Torts 2d, § 575). In so holding, the court demonstrated its disapproval of the rule of defamation per se in the context of labor disputes, a New York rule which presumes injury (see *Mencher v Chesley*, 297 NY 94; 34 NY Jur, Libel and Slander, § 3, pp 470-471). This limitation upon the available State remedy, in a defamation suit, compels a plaintiff to allege specific injury-special damages if he is to survive a motion to dismiss the complaint, and plaintiffs' failure to include such an allegation here requires dismissal of their complaint. Order affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.