■ Pamela Thomas et al., Plaintiffs, v Soft Sheen Product Company, Inc., Appellant-Respondent, and Salt & Pepper Hair Care, Inc., Respondent-Appellant.—Order of the Supreme Court, New York County (Martin Evans, J.), entered December 31, 1984, which, among other things, directed defendant Soft Sheen to disclose to its codefendant the chemical formula for two of its hair care products, unanimously modi-

fied, on the law and the facts and in the exercise of discretion, to the extent of striking that part of the order which directed such disclosure, and otherwise affirmed, without costs.

A patron of a beauty salon owned and operated by the defendant Salt & Pepper claims injuries sustained after two hair products were applied to her scalp. The defendant Soft Sheen is the manufacturer of the products involved and contends that the injuries, if any, resulted not from a deficient product but from the misapplication of its hair care formula. The owner of the beauty salon contends that the injuries, if any, were due to a deficient product.

The defendant Soft Sheen contends that the court at Special Term Part 8A erred in granting the defendant-cross-appellant's (Salt & Pepper) motion to discover the hair care formula, because it is a trade secret.

Salt & Pepper has already been given a list of the ingredients used in the two products, and what is further sought is the actual combination and percentage. However, there has been no showing that Salt & Pepper has attempted by alternative means to analyze the products which they have been using or had a chemist consider the formulation of the ingredients. Where a trade secret is involved, until all other possibilities have been exhausted, the trade secret need not be disclosed even though subject to a confidentiality restriction. *(See, Riteoff Inc. v Contact Indus.,* 43 AD2d 731, 732; *cf. Glenmark, Inc. v Carity,* 22 AD2d 680, *appeal dismissed* 15 NY2d 956.)* Concur—Murphy, P. J., Kupferman, Ross, Milonas and Ellerin, JJ.