■ FRANK BARTL et al., Respondents, v ROBERT HALF OF LONG ISLAND, INC., Appellant, et al., Counterclaim Defendant. —In an action to recover damages based on, *inter alia,* breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated March 7, 1988, as granted the plaintiffs' motion for a protective order to the extent of (1) striking the defendant's interrogatories numbered 7 (c), 9 (a), 9 (b), 9 (c) and 9 (d) and (2) striking the defendant's demand for the production of documents pursuant to CPLR 3111.

Ordered that the order is modified by deleting therefrom the provision which struck interrogatories numbered 9 (a), 9 (b)

and 9 (c), and substituting therefor a provision denying that branch of the plaintiffs' motion which was for a protective order striking interrogatories numbered 9 (a), 9 (b) and 9 (c); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The two individual plaintiffs went into business in competition with the defendant, their former employer. The parties operate competing employment agencies, and are in the business of matching prospective employers with eligible job candidates in the accounting, bookkeeping and financial fields. In its counterclaims, the defendant asserts that the data it has compiled with respect to prospective employers and available job candidates constitute trade secrets, and that the plaintiffs have each violated written agreements by exploiting their knowledge of these trade secrets to their own advantage.

We find that the Supreme Court properly granted the plaintiffs' motion for a protective order to the extent of striking the defendant's interrogatories numbered 7 (c) and 9 (d). The former question requires the plaintiffs to identify all of the individuals the plaintiffs have solicited as the representatives of prospective employers, and the latter question requires the plaintiffs to identify, *inter alia,* all of the job candidates they have placed. These questions are broad enough to require the disclosure by the plaintiffs of the very sort of information which, according to the defendant, consists of trade secrets. These interrogatories were therefore properly striken, since no need for their disclosure has yet been shown *(see, Thomas v Soft Sheen Prod. Co.,* 118 AD2d 493, 494; *Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907). Questions 9 (a), 9 (b) and 9 (c) were, however, improperly stricken. These require the plaintiffs to disclose, *inter alia,* the identities of those job candidates they have placed whose status as job candidates had been known to them while they were still employed by the defendant. This information is clearly relevant, and the plaintiffs may not claim trade secret protection with respect to information which they learned as a result of their employment with the defendant, rather than as a result of their own independent efforts.

Finally, the Supreme Court properly vacated the defendant's demand for the production of documents pursuant to CPLR 3111, since the defendant's notice fails to meet even the diminished standard of specificity applicable to such demands *(see, Kaufman v Kaufman,* 134 AD2d 407; *Carrella v Carrella,* 97 AD2d 394). Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.