■ JAKE DEAS, Appellant, v CARSON PRODUCTS COMPANY, Respondent, et al., Defendant.—In an action to recover dam-

ages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated November 1, 1989, as denied that branch of his motion which was to compel disclosure by the defendant Carson Products Company of a secret formula for "Magic Shave Cream" demanded in its notice for discovery and inspection dated September 27, 1988.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch of the motion of the plaintiff which was to compel the disclosure by the defendant Carson Products Company of the secret formula for "Magic Shave Cream" is granted on condition that the plaintiff executes a stipulation of confidentiality that the formula will only be revealed to the plaintiff's expert and the attorneys handling the matter and to no other parties, competitors or other persons; and it is further,

Ordered that the plaintiff's time to execute the stipulation of confidentiality and serve the same upon the respondent is extended until 20 days after service upon him of a copy of this decision and order with notice of entry, and the respondent shall disclose the formula within 20 days after service upon it of the stipulation of confidentiality.

Although it is well established that the scope of discovery under CPLR 3101 is to be construed liberally, where discovery of trade secrets is sought, the party seeking disclosure must show that the information demanded appears to be "indispensable to the ascertainment of truth and cannot be acquired in any other way" (*Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907, 909; *see also, Thomas v Soft Sheen Prod. Co.,* 118 AD2d 493). Upon our review of the record at bar, we find that the plaintiff, who alleges that he sustained serious personal injuries as result of his use of the respondent's facial depilatory cream, met his burden of establishing that access to the product's formula is necessary to the preparation of his case. Accordingly, that branch of the plaintiff's motion which was to compel disclosure of the formula is granted, upon the condition that the plaintiff execute a stipulation agreeing to keep the formula confidential. Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.