OPINION OF THE COURT
Allan L. Winick, J.
Defendant Peat, Marwick, Mitchell & Co. (Peat, Marwick) *903 moves to reargue a decision of this court (Winick, J., Aug. 24, 1995) which granted plaintiffs motion compelling defendant to respond to plaintiff’s notice of discovery and inspection. Plaintiff has now conceded that defendant has served its objections timely to plaintiffs notice of discovery and inspection dated June 30, 1994. The court, therefore, grants reargument. Upon reargument, the court modifies its decision as follows:
Plaintiff on or about June 30, 1994, served a notice of discovery and inspection for defendant to produce "a copy of defendant’s internal document, manual, and handbook regarding the defendant’s own standards of practice, methods of practice and approaches in handling a client’s accounting work which was in effect during the time period when the defendant was providing accounting services to plaintiff”.
Plaintiff commenced this action claiming that defendant breached its obligation to provide proper accounting services to plaintiff. Plaintiff argues that defendant’s own policy and procedure manuals are relevant to a determination as to whether defendant followed its own guidelines. Plaintiff contends that this manual would be followed in the ordinary course of defendant’s business as it related to guidelines it must follow in providing accounting services.
Peat, Marwick raises the argument that these "audit manuals” are highly confidential trade secrets and that the manuals reflect Peat, Marwick’s approach to auditing developed over years of its experience.
"New York has substantially adopted the approach of the original Restatement of Torts (1939) to the law of trade secrets (Eagle Comtronics v Pico, Inc., 89 AD2d 803, 804, lv denied 58 NY2d 601; Ferranti Elec. v Harwood, 43 Misc 2d 533, 539; Minnesota Min. & Mfg. Co. v Technical Tape Corp., 23 Misc 2d 671, 678-679, affd 15 AD2d 960, affd 18 AD2d 679). Under the rationale of the Restatement, a trade secret is generally defined as a formula, process, device or compilation of information used in one’s business which confers a competitive advantage over those in similar businesses who do not know or use it (Restatement of Torts § 757 comment b [1939]). An essential requisite to legal protection against misappropriation of such a formula, process, device or compilation of information is the element of secrecy. Secrecy is used in the Restatement in two related senses: (1) as substantial exclusivity of knowledge of the formula, process, device or compilation of information ('Matters of public knowledge or of general knowledge in an industry cannot *904 be appropriated by one as his secret’ [id.]); and (2) as the employment of precautionary measures to preserve such exclusive knowledge by limiting legitimate access by others ('Nevertheless, a substantial element of secrecy must exist, so that, except by the use of improper means, there would be difficulty in acquiring the information’ [id.]). ” (Delta Filter Corp. v Morin, 108 AD2d 991, 992.)
The manuals compiled by defendant meet the criteria of a trade secret. It is well established that the scope of discovery under CPLR 3101 is to be construed liberally where discovery of trade secrets is sought. The party seeking disclosure must show that the information demanded appears to be indispensable to the ascertainment of truth and cannot be acquired in any other way. (Deas v Carson Prods., 172 AD2d 795, 796.)
The information in the manual is not indispensable to plaintiffs case. Plaintiff desires to prove that defendant did not follow sound accounting procedures when it performed its work for plaintiff. That is not a substantial factor in plaintiffs case. If defendant did not follow its own procedures, such noncompliance is not proof as to whether defendant followed proper and sound accounting practice in providing its services to the plaintiff. An accountant is not responsible for mere errors of judgment. If it fails to make an investigation which would ordinarily be made by such a reasonably skillful accountant, or fails in carrying out its functions in a professional manner and to use the care that a reasonably prudent accountant would use under the circumstances, then it may incur liability to its client. (PJI 2:154; Craig v Anyon, 212 App Div 55, affd 242 NY 569.)
Such proof must be provided by an expert. The real question revolves around the adequacy of the services which were actually provided to client. This is plaintiffs burden to bear. The content of defendant’s manual does not provide the answer to that question. Thus, plaintiff has not demonstrated the relevancy to its case of obtaining these documents. (Cf., Clayton Funding v State Bank, — AD2d —, NY Slip Op 08657 [2d Dept, Oct. 10, 1995].)
Under these circumstances and because the manual constitutes a trade secret, it is not subject to discovery. This motion, therefore, is granted to the extent that a protective order is granted to defendant vacating this notice of discovery and inspection.