■ GATEWAY THEATRICAL OF BELLPORT, INC., et al., Appellants, v ASSOCIATED MUSICIANS OF GREATER NEW YORK, LOCAL 802, AMERICAN FEDERATION OF MUSICIANS, et al., Respondents. [658 NYS2d 692] —In an action to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated April 22, 1996, as denied their motion for a protective order and granted the cross motion by the defendant Associated Musicians of Greater New York, Local 802, American Federation of Musicians, to compel discovery to the extent of directing that they comply with the defendant's disclosure demands Nos. 1, 2, and 5, which seek documents concerning corporate financial and ownership statements and cash receipt journals for the years 1993, 1994, and 1995.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant union was accused of having defamed the plaintiffs by making five allegedly false statements about them while the parties were engaged in a struggle over the unionizing of the musicians employed by the plaintiffs. In their complaint, which sought both compensatory and punitive damages, the plaintiffs alleged that defendants' defamatory remarks had damaged their business as well as their reputations.

In the context before us, a plaintiff must allege and prove both actual malice and actual or special damages in order to make out a prima facie case (see, e.g., Linn v Plant Guard Workers, 383 US 53; Wolf St. Supermarkets v McPartland, 108 AD2d

25; *Eden Park Health Servs. v Ottley*, 87 AD2d 967). Moreover, a defamed party in a labor dispute is not entitled to punitive damages in the absence of a showing of either actual or special damages (*Linn v Plant Guard Workers, supra*, at 66).

The court correctly directed the corporate plaintiffs to disclose their financial and ownership statements and the cash receipt journals for the years 1993, 1994, and 1995. These documents are material and necessary (CPLR 3101 [a]) to a determination of the extent of the plaintiffs' asserted injury to their business resulting from the allegedly libelous publications by the defendants (*see, e.g., Kay v Kay*, 223 AD2d 684; *Titleserv, Inc. v Zenobio*, 210 AD2d 314; *Rubin v Alamo Rent-A-Car*, 190 AD2d 661; *Scholte v Agway, Inc.*, 152 AD2d 928; *Miller Co. v Drew*, 61 Misc 2d 638, 639-640).

The plaintiffs' remaining contentions have not been considered, as they refer to matters dehors the record (*see, e.g., R & J Yorek v MCL Constr.*, 173 AD2d 531; *Carhuff v Barnett's Bake Shop*, 54 AD2d 969). Rosenblatt, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.