■ CARECORE NATIONAL, LLC, Respondent-Appellant, v NEW YORK STATE ASSOCIATION OF MEDICAL IMAGING PROVIDERS, INC., et al., Appellants-Respondents. [808 NYS2d 238]—

In an action, inter alia, to recover damages for tortious interference with contractual relations and defamation, (1) the defendants appeal from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated May 17, 2004, as denied that branch of their cross motion which was to compel discovery of the contracts which they are alleged to have tortiously interfered with and those pursuant to which the plaintiff allegedly sustained damages resulting from the defendants' defamation and granted that branch of the plaintiff's motion which was to quash subpoenas relating to those documents, and the plaintiff cross-appeals from so much of the same order as partially denied its motion to quash subpoenas and partially granted the defendants' cross motion to compel discovery, and (2) the defendants appeal from so much of an order of the same court dated January 11, 2005, as denied their motion for leave to renew their cross motion to compel discovery.

Ordered that the order dated May 17, 2004, is reversed insofar as appealed from, on the law, that branch of the defendants' cross motion which was to compel discovery of the contracts they are alleged to have tortiously interfered with and those pursuant to which the plaintiff allegedly sustained damages resulting from the defendants' defamation is granted and that branch of the plaintiff's motion which was to quash subpoenas relating to those documents is denied; and it is further,

Ordered that the order dated May 17, 2004, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appeal from the order dated January 11, 2005, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Although "the scope of discovery under CPLR 3101 is to be construed liberally, where discovery of trade secrets is sought, the party seeking disclosure must show that the information demanded appears to be 'indispensable to the ascertainment of truth and cannot be acquired in any other way' " (*Deas v Carson Prods. Co.*, 172 AD2d 795, 796 [1991], quoting *Curtis v Complete Foam Insulation Corp.*, 116 AD2d 907, 909 [1986]). The contracts with which the defendants are alleged to have tortiously interfered and those pursuant to which the plaintiff allegedly sustained damages resulting from the defendants' alleged defamation may contain trade secrets. However, the plaintiff placed the terms of the contracts at issue. The contracts constitute evidence that is indispensable to the defendants in their defense to those causes of action, particularly in that the defendants will not be able to defend against the claims relevant to the element of each cause of action concerning damages

(see *Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *Bernberg v Health Mgt. Sys.*, 303 AD2d 348, 349 [2003]; *Gateway Theat. of Bellport v Associated Musicians of Greater N.Y., Local 802 Am. Fedn. of Musicians*, 240 AD2d 538, 538-539 [1997]) without reference to the terms of the contracts (see *Kronos, Inc. v AVX Corp., supra* at 97 [no cause of action alleging tortious inducement to breach a contract arises until actual damages are sustained]; *Gateway Theat. of Bellport v Associated Musicians of Greater N.Y., Local 802 Am. Fedn. of Musicians, supra* at 538-539 [a plaintiff who sets forth a defamation cause of action alleging that challenged statements have damaged his or her business and reputation must allege and prove, inter alia, actual or special damages to make out prima facie case]; see also *Brown v Lockwood*, 76 AD2d 721, 742-743 [1980] [measure of damages for breach of contract is that plaintiff is to be placed in same situation as if contract had been fully performed; plaintiff must prove loss was suffered as a result of breach]; 72 NY Jur 2d, Interference § 20, citing *Lurie v New Amsterdam Cas. Co.*, 270 NY 379 [1936] [damages recoverable for inducing breach of contract same as damages for breach of contract]). Accordingly, the plaintiff must provide the defendants with copies of the subject contracts.

The parties' remaining contentions are without merit. Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.