■ KIMBERLY HUNT et al., Respondents, v ODD JOB TRADING, Defendant and Third-Party Plaintiff. KMS, INC., et al., Defen-

dants and Third-Party Defendants, and AMERICAN HOUSEHOLD, INC., Defendant and Third-Party Defendant-Appellant. [843 NYS2d 423]—

In an action to recover damages for personal injuries, etc., the defendant and third-party defendant Sunbeam Products, Inc., sued herein as American Household, Inc., appeals (1), as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated January 29, 2007, as, upon converting that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike its answer into one pursuant to CPLR 3124 to compel it to comply with certain demands for disclosure, granted that branch of the plaintiffs' motion and denied its cross motion for a protective order with respect to the demands for disclosure by the plaintiff and (2), as limited by its brief, from so much of an order of the same court dated March 28, 2007, as denied that branch of its motion which was for leave to renew its prior cross motion for a protective order.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The instant action arises from an incident wherein the plaintiff Kimberly M. Hunt was severely burned on the right side of her face while she was using a heating pad produced and distributed by the defendant and third-party defendant Sunbeam Products, Inc., sued herein as American Household, Inc. (hereinafter Sunbeam). The plaintiffs alleged that the heating pad was defectively designed and manufactured. During the course of discovery, the plaintiffs served a notice to produce upon Sunbeam on or about May 17, 2006, seeking, inter alia, documents and information pertaining to heating pads manufactured by Sunbeam. Sunbeam refused to comply with the notice to produce, claiming that the demanded information constituted trade secrets. However, Sunbeam did not seek a protective order

from the court until it cross-moved for such relief on or about November 22, 2006, in response to the plaintiff's motion, inter alia, to strike its answer.

Sunbeam's failure to timely challenge the notice to produce "forecloses inquiry into the propriety of the information sought except with regard to material that is privileged pursuant to CPLR 3101, or requests that are palpably improper" (*Garcia v Jomber Realty*, 264 AD2d 809, 810 [1999], citing *Holness v Chrysler Corp.*, 220 AD2d 721 [1995]). Here, Sunbeam failed to make even a minimal showing that the demanded information contained trade secrets (*see Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]; *Deas v Carson Prods. Co.*, 172 AD2d 795, 796 [1991]; *Curtis v Complete Foam Insulation Corp.*, 116 AD2d 907, 908-909 [1986]). Since the information and documents sought by the plaintiffs in their notice to produce were neither privileged nor palpably improper, the Supreme Court properly granted that branch of the plaintiffs' motion which was to compel Sunbeam to comply with the notice to produce and properly denied Sunbeam's cross motion for a protective order.

The Supreme Court properly denied that branch of Sunbeam's subsequent motion which was for leave to renew its prior cross motion for a protective order, as Sunbeam failed to set forth a "reasonable justification" for its failure to submit the alleged "new facts" earlier. Moreover, there was nothing in the alleged "new facts" that would have warranted a change in the court's prior determination (*see* CPLR 2221 [e]; *Yarde v New York City Tr. Auth.*, 4 AD3d 352 [2004]; *Riccio v Deperalta*, 274 AD2d 384 [2000]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.