■ In the Matter of CITY OF SCHENECTADY, Appellant, v JAMES J. O'KEEFFE, as Records Appeals Officer of the New York State Board of Real Property Services, et al., Respondents. [856 NYS2d 281]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered September 4, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Board of Real Property Services denying petitioner's Freedom of Information Law requests.

Respondent Niagara Mohawk Power Corporation is a public utility which has been granted a special franchise allowing it to occupy and use public rights-of-way within the City of Schenectady, Schenectady County for the transmission of electricity and gas to its customers. As a utility, Niagara Mohawk must provide the Office of Real Property Services (hereinafter ORPS) with cost and inventory data identifying and tracking all of its property assets that are employed along the rights-of-way and used to transmit and distribute electricity. With this data, ORPS prepared an assessment for the value of this franchise (hereinafter special franchise full value assessment) which is given to a municipality to calculate the tax to be paid by the utility for the use of these rights-of-way (see generally RPTL art 6). Niagara Mohawk maintains that disclosure of this data to potential competitors would severely compromise its competitive position, and it has requested that it be exempt from disclosure to any third party pursuant to the Public Officers Law § 87 (2) (d).

In February 2007, after receiving this data regarding inventory and cost of these assets from Niagara Mohawk, ORPS issued a notice of tentative special franchise full value assessment to petitioner and invited it and other interested parties to submit complaints regarding its calculation pursuant to procedures set forth in the Real Property Tax Law.[1] Petitioner did not file a complaint, but instead, on February 8, 2007, filed a request pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking full disclosure of all data provided to ORPS by Niagara Mohawk that was used to calculate the assessment.[2] The request was denied and, after an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the denial of its FOIL request. Supreme Court dismissed the petition, prompting this appeal.

---

1. The tentative full value of Niagara Mohawk's special franchise within the City for the 2007 tax year as assessed by ORPS is $41,849,582.

2. Petitioner also sought valuation data for other special franchise owners, respondents Verizon and Time Warner Cable. The FOIL requests with respect to these special franchise owners are not the subject of this appeal.

We affirm. Supreme Court found that ORPS did not abuse its discretion in according trade secret status to the data in question. While there is a presumption of access accorded to documents held by a public agency that are used by it in the execution of its administrative responsibilities, that presumption is subject to certain narrowly defined exceptions (*see Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d 410, 417 [1995]; *Matter of Sunset Energy Fleet v New York State Dept. of Envtl. Conservation*, 285 AD2d 865, 865-867 [2001]). One such exception specifically provides that an agency may deny a request for disclosure of records in its possession that "are trade secrets or are submitted to an agency by a commercial enterprise or derived from information obtained from a commercial enterprise and which if disclosed would cause substantial injury to the competitive position of the subject enterprise" (Public Officers Law § 87 [2] [d]). For this exception to apply, it must be established that the commercial enterprise that provided the data is in actual competition with other entities, and that release of the information would likely cause it substantial competitive injury (*see Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d at 421).

Petitioner argues that there simply is not sufficient information in the materials submitted by Niagara Mohawk for ORPS to have concluded that the release of this data would cause the utility substantial competitive injury (*see Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d at 421). We disagree. There can be little doubt that this data, as described by the record, has significant commercial value not only to the utility, but to potential competitors as well. It includes a detailed inventory of the age, cost and extent of the property employed by Niagara Mohawk along these rights-of-way, and tracks the construction, installation and retirement of this property which is used to transmit and distribute electricity to its customers. The importance of this data is underscored by the fact that it is used, in part, to determine the regulated rate that the utility may charge for its services. In addition, compiling it is a costly and complex endeavor that entails an exhaustive review of the cost and value of Niagara Mohawk's physical assets that are employed along the rights-of-way. The value of such information to a potential competitor, especially public entities that are actively involved in attempting to acquire these assets by eminent domain, is self-evident and its disclosure would almost assuredly complicate, if not compromise, Niagara Mohawk's competitive position. That reality provides ample support for the determination

that the trade secret exemption was properly applied to petitioner's request seeking disclosure.

Nor do we agree with petitioner's claim that ORPS failed to give an adequate explanation for its decision to deny petitioner's FOIL request. By letter, ORPS enclosed summary level data for the property covered by this assessment. It explained that the data requested is "often . . . submitted . . . with a claim of confidentiality" and that as a result of utility deregulation and municipal takeovers of utility service, utility companies have claimed that disclosure "would cause substantial injury to their competitive position." It included copies of letters that it had received from Niagara Mohawk which expounded on the utility's position that the data be accorded trade secret status. This information provided sufficient detail to explain why ORPS determined that this data was exempt from disclosure pursuant to Public Officers Law § 89 (5) (c) (2).

Finally, Supreme Court properly denied petitioner's request for counsel fees and other litigation costs (*see* Public Officers Law § 89 [4] [c]; *Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp.*, 277 AD2d 782, 786 [2000], *lv denied* 96 NY2d 708 [2001]). All of petitioner's remaining claims have been reviewed and found to be lacking in merit.

Cardona, P.J., Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.