■ JOHN M. FEROLITO, Respondent, et al., Plaintiffs, v ARIZONA BEVERAGES USA, LLC, et al., Defendants. MORGAN STANLEY & Co., LLC, Nonparty Appellant. [990 NYS2d 218]—

In a consolidated hybrid action, inter alia, for the dissolution of several limited liability companies and proceeding for the judicial dissolution of a corporation, which was converted to a valuation proceeding pursuant to Business Corporation Law § 1118, nonparty Morgan Stanley & Co., LLC, appeals from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated September 26, 2013, as, in effect, granted the cross motion of John M. Ferolito pursuant to CPLR 3124 to compel it to comply with the discovery demands contained in a subpoena deuces tecum dated April 26, 2011.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross motion of John M. Ferolito which were pursuant to CPLR 3124 to compel nonparty Morgan Stanley & Co., LLC, to disclose the documents requested in paragraphs 11 through 19 in the section of the subpoena deuces tecum entitled "Requests for Production," and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

John M. Ferolito is the plaintiff/petitioner in this consolidated hybrid action, inter alia, for the dissolution of several limited liability companies and proceeding for the judicial dissolution of a corporation, which was converted to a valuation proceeding pursuant to Business Corporation Law § 1118. In April 2011, Ferolito served a subpoena duces tecum upon nonparty Morgan Stanley & Co., LLC (hereinafter Morgan Stanley). On June 10, 2013, a referee appointed pursuant to CPLR 3104 (a) to oversee discovery issues granted Ferolito's oral application to compel Morgan Stanley to comply with his discovery demands. Thereafter, Morgan Stanley moved pursuant to CPLR 3104 (d) to vacate that determination, and Ferolito cross-moved pursuant to CPLR 3124 to compel Morgan Stanley to comply with the discovery demands. In an order dated September 26, 2013, the Supreme Court, inter alia, in effect, granted Ferolito's cross motion, and Morgan Stanley appeals from that portion of the order.

CPLR 3101 (a) is to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Pursuant to CPLR 3101 (a) (4), a party may obtain discovery from a nonparty in possession of material and necessary evidence, so long as the nonparty is apprised of the "circumstances or reasons" requiring disclosure. Pursuant to the Court of Appeals' recent decision in *Matter of Kapon v Koch* (23 NY3d 32 [2014]), disclosure from a nonparty requires no more than a showing that the requested information is "material and necessary," i.e. relevant to the prosecution or defense of an action (*id.* at 34). However, "the subpoenaing party must first sufficiently state the 'circumstances or reasons' underlying the subpoena (either on the face of the subpoena itself or in a notice accompanying it), and the witness, in moving to quash, must establish either that the discovery sought is 'utterly irrelevant' to the action or that the 'futility of the process to uncover anything legitimate is inevitable or obvious' " (*id.*). Should the nonparty witness meet this burden, "the subpoenaing party must then establish that the discovery sought is 'material and necessary' to the prosecution or defense of an action, i.e., that it is relevant" (*id.*).

In the instant case, the subpoena duces tecum served upon nonparty Morgan Stanley plainly satisfied the notice requirement. The subpoena duces tecum detailed the relationship between Morgan Stanley and the parties, and provided Morgan Stanley with ample information to challenge the subpoena duces tecum (*see* CPLR 3101 [a] [4]; *Matter of Kapon v Koch*, 23 NY3d at 39). Once Ferolito met that minimal obligation, the burden shifted to Morgan Stanley to establish that the requested documents were either "utterly irrelevant" to the action, or that the "futility of the process to uncover anything legitimate is inevitable or obvious" (*Matter of Kapon v Koch*, 23 NY3d at 34, 38-39). Here, Morgan Stanley failed to meet that burden. The record reveals that the requested documents were highly relevant to the valuation of the subject corporation, the central issue in the underlying proceedings, and Morgan Stanley did not dispute that it possessed those documents. Accordingly, Ferolito met his burden of establishing that the information sought was material and necessary (*id.* at 34).

However, Morgan Stanley demonstrated that the discovery demands set forth in paragraphs 11 through 19 in the section of the subpoena entitled "Requests for Production" sought documents that contained one or more trade secrets. Notwithstand-

ing New York's policy of liberal discovery (*see id.* at 37-38), a party seeking disclosure of trade secrets must show that such information is "indispensable to the ascertainment of truth and cannot be acquired in any other way" (*Carecore Natl., LLC v New York State Assn. of Med. Imaging Providers, Inc.*, 24 AD3d 488, 489 [2005] [citations and internal quotation marks omitted]; *see Drake v Herrman*, 261 NY 414, 418 [1933]; *Hunt v Odd Job Trading*, 44 AD3d 714, 716 [2007]; *Deas v Carson Prods. Co.*, 172 AD2d 795, 796 [1991]; *Curtis v Complete Foam Insulation Corp.*, 116 AD2d 907, 908-909 [1986]). A witness who objects to disclosure on the ground that the requested information constitutes a trade secret bears only a minimal initial burden of demonstrating the existence of a trade secret (*see Linderman v Pennsylvania Bldg. Co.*, 289 AD2d 77, 78 [2001]; *Bristol, Litynski, Wojcik v Town of Queensbury*, 166 AD2d 772, 773 [1990]; *Curtis v Complete Foam Insulation Corp.*, 116 AD2d at 908). Contrary to Ferolito's contention, Morgan Stanley met its minimal initial burden of showing that the documents requested in paragraphs 11 through 19 in the section of the subpoena duces tecum entitled "Requests for Production" contained trade secrets (*see Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]; *Matter of City of Schenectady v O'Keeffe*, 50 AD3d 1384, 1386 [2008]; *Laro Maintenance Corp. v Culkin*, 267 AD2d 431, 432 [1999]; *cf. TNS Media Research, LLC v TRA Global, Inc.*, 984 F Supp 2d 205, 207-209, 229-230, 240-242 [SD NY 2013]). Thus, the burden shifted to Ferolito to demonstrate that the information contained in those documents was indispensable to the ascertainment of truth, and could not be acquired in any other way (*see Finch, Pruyn & Co. v Niagara Paper Co.*, 228 AD2d 834, 837 [1996]). Ferolito failed to meet that burden (*cf. Deas v Carson Prods. Co.*, 172 AD2d at 796). Accordingly, the Supreme Court should have denied those branches of Ferolito's cross motion which were to compel Morgan Stanley to disclose the documents requested in paragraphs 11 through 19 in the section of the subpoena deuces tecum entitled "Requests for Production," as those documents contained one or more trade secrets.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.