Campbell v Horowitz (2020 NY Slip Op 06090)





Campbell v Horowitz


2020 NY Slip Op 06090


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-11077
 (Index No. 705263/17)

[*1]Sean T. Campbell, respondent, 
v
Steven B. Horowitz, et al., appellants.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Hillary J. Raimondi of counsel), for appellant Steven B. Horowitz.
Read Law Group, PLLC, Garden City, NY (Christopher M. Read of counsel), for appellants Planet Waste Services, Inc., and Thomas Tolentino.
Schneider Law, PLLC, New York, NY (Douglas M. Schneider of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendant Steven B. Horowitz and the defendants Planet Waste Services, Inc., and Thomas Tolentino separately appeal from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered July 12, 2018. The order denied the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The plaintiff is the president of a local branch of a labor union representing the workers of the defendant Planet Waste Services, Inc. (hereinafter Planet Waste). The plaintiff commenced this action, inter alia, to recover damages for defamation, alleging that Planet Waste, along with its owner, the defendant Thomas Tolentino (hereinafter together the Planet Waste defendants), and its attorney, the defendant Steven B. Horowitz, made certain defamatory statements about him, which were then widely distributed to Planet Waste employees in an effort to influence the outcome of an affiliation contest between the plaintiff's union and a rival union. The plaintiff further alleged, among other things, that the defendants made the defamatory statements with knowledge of their falsity and for the purpose of damaging the plaintiff's reputation among Planet Waste's employees and impugning his ability to continue acting as president of the union's local branch. The plaintiff also alleged that, as a result of the defendants' conduct, he suffered, inter alia, actual, compensable damage to his reputation.
Prior to joining issue, Horowitz and the Planet Waste defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The Supreme Court denied both motions, and Horowitz and the Planet Waste defendants separately appeal.
Where, as here, either party to a labor dispute is alleged to have circulated false and defamatory statements during the course of labor negotiations, a qualified privilege attaches (see O'Neil v Peekskill Faculty Assn., 120 AD2d 36, 42; see also Old Dominion Branch No. 496, Nat. Assn. of Letter Carriers, AFL-CIO v Austin, 418 US 264, 272-273; Linn v United Plant Guard Workers, 383 US 53, 55), which renders the action preempted by federal law (see O'Neil v Peekskill Faculty Assn., 120 AD2d at 42; Thomas v Flavin, 58 AD2d 1031, 1032). In order to overcome this qualified privilege and retain state court jurisdiction over the matter, the plaintiff's pleadings must allege both that the statements were made with malice and that they injured the plaintiff (see Linn v United Plant Guard Workers, 383 US at 55; Gateway Theat. of Bellport v Associated Musicians of Greater N.Y., Local 802, Am. Fedn. of Musicians, 240 AD2d 538, 538).
Contrary to the contention of Horowitz and the Planet Waste defendants, the plaintiff's allegations—which, for purposes of their pre-answer motions, must be assumed to be true (see Cohn v Lionel Corp., 21 NY2d 559, 562)—are sufficient to overcome the qualified privilege (see Trump Vil. Section 4, Inc. v Bezvoleva, 161 AD3d 916, 918; Shaw v Club Mgrs. Assn. of Am., Inc., 84 AD3d 928, 930-931).
The remaining contentions of Horowitz and the Planet Waste defendants are without merit.
Accordingly, we agree with the Supreme Court's determination denying the separate motions of Horowitz and the Planet Waste defendants pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court