D.P. v S.P. (2024 NY Slip Op 50331(U))

[*1]

D.P. v S.P.

2024 NY Slip Op 50331(U)

Decided on March 28, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2024
Supreme Court, Westchester County

D.P., Plaintiff,

against
S.P., Defendant.

Index No. 67341-2022

James L. Hyer, J.

The following papers, numbered as noted below, were considered in connection with these Motions:
[1] Motion Sequence #1, by Defendant, seeking the entry of an Order:
(a) pursuant to CPLR §2304, quashing Item D-2 of Plaintiff's Third Demand for Discovery and Inspection ([redacted] Group, Inc. Valuation) dated August 25, 2023, and Items E-1(i), E-1(ii) and E-1(iii) of Plaintiff's Fourth Demand for Discovery and Inspection (Software Analysis Group Valuation) dated September 13, 2023, as containing trade secrets;
(b) pursuant to CPLR §3103, issuing a protective order precluding Plaintiff from any further efforts to enforce Plaintiff's Third Demand for Discovery and Inspection ([redacted] Group, Inc. Valuation) with respect to Item D-2, and Plaintiff's Fourth Demand for Discovery and Inspection (Software Analysis Group Valuation) with respect to Items E-1(i), E-1(ii) and E-1(iii); and
(c) granting Defendant such other and further relief as the Court deems just and proper; and
[2] Motion Sequence #2, by non-party The S[redacted] Group LLC, seeking an order:
(a) pursuant to CPLR §2304, quashing, fixing conditions of, and/or modifying the subpoena duces tecum (the "Subpoena") issued by Plaintiff to non-party The S[redacted] Group LLC ("S[redacted]") to the extent the Subpoena seeks documents already produced, or which will be produced, by defendant S.P. ("Defendant");
(b) pursuant to CPLR §3103(a), for a protective order with respect to the disclosure of source code and other proprietary information owned by S[redacted] and unnecessary to a valuation of Defendant's assets;
(c) pursuant to CPLR 3111 and/or 3122(d), directing Plaintiff to reimburse S[redacted] for its reasonable attorneys' fees, costs and expenses incurred in connection with the Subpoena; and
(d) granting S[redacted] such other relief as this Court deems just and proper:
PAPERS NUMBERED
Defendant's Order to Show Cause (Seq. No. 1)/Attorney Affirmation/
Affidavit of D.A./Affidavit of F.Z./ Exhs. A-M 138-141
Affirmation in Opposition/Affidavit of N.H./ 213-214
Exhs. 1-7 215-221
Defendant's Reply Affidavit/Exhs. 1-4 230, 231-235
The S[redacted] Group LLC Order to Show Cause (Seq. No. 2)/Affirmation/ 155-156
Exhs. A-B 157-158
Attorney Affirmation in Opposition/Exhs. 1-2/Affirmation in Reply 222, 223-224, 229
Upon the foregoing papers, these motions are consolidated for decision and are determined as follows:
 RELEVANT FACTUAL AND PROCEDURAL HISTORY
Plaintiff commenced this divorce action by the electronic filing of a Summons with Notice and Verified Complaint on October 21, 2022, after a nine-year marriage (NYSCEF Doc. Nos. 1-2). Issue was joined by Defendant's service of a Verified Answer with Counter-Claims on December 9, 2022 (NYSCEF Doc. No. 12). Defendant filed a Request for Judicial Intervention and a preliminary conference on December 27, 2022 (NYSCEF Doc. No. 13). A preliminary conference was held on April 4, 2023. The Preliminary Conference Stipulation and Order established a schedule for the completion of discovery and set a note of issue filing deadline of June 30, 2023 (NYSCEF Doc. No. 35).
A Pre-Trial Conference Order was entered on July 24, 2023, which directed: (1) Plaintiff to serve and file a Note of Issue and Certificate of Readiness by August 31, 2023; (2) a Pre-Trial Conference to be held on December 12, 2023, at 9:00 a.m.; (3) a Trial to be held on January 22, 2024, at 9:00 a.m. and to proceed through February 2, 2024 (NYSCEF Doc. No. 64).
Plaintiff filed a Note of Issue and Certificate of Readiness on August 31, 2023 (NYSCEF Doc. No. 78). This Court held a status conference on September 14, 2023, and issued an Order permitting certain post-Note of Issue discovery to be completed by October 14, 2023, and the identification of expert witnesses by October 31, 2023 (NYSCEF Doc. No. 91). Expert reports were ordered to be exchanged 60 days prior to trial or 30 days after receipt of the report of the expert, whichever is later.
A further status conference was held on September 28, 2023, whereby this Court issued an order directing responses to discovery demands by D.R., Plaintiff's father and the former CEO of the non-party The S[redacted] Group LLC ("S[redacted]"), by October 6, 2023 (NYSCEF Doc. No. 104). The Court also authorized the service of a Subpoena on S[redacted] by Plaintiff. S[redacted] was directed to file objections to the Subpoena in the form of a request for a pre-motion conference by October 13, 2023. The Subpoena was timely served on S[redacted] on October 6, 2023. In compliance with the Court's directive, S[redacted]'s former counsel filed his objections to the Subpoena on October 13, 2023, in the form of a pre-motion conference request [*2](NYSCEF Doc. 108). A pre-motion conference was held by this Court on October 24, 2023, at which time a briefing schedule was set in connection with Item 37 of the Subpoena (and thereby Item D-2 of the Third Demand and Items E-1(i), E-2(ii) and E-3(iii) of the Fourth Demand) which are the duplicate source code requests as set forth in an Order entered on October 26, 2023 (NYSCEF Doc. No. 129).

FINDINGS OF FACT AND CONCLUSIONS OF LAW
At issue here is Plaintiff's request for discovery of the source codes used in S[redacted]'s software platforms TalentS[redacted] and Q[redacted]. TalentS[redacted] was designed to improve the hiring process and was intended to be 'free' software given to S[redacted] customers. Q[redacted] was designed to be the same as TalentS[redacted], but was intended to be sold for a fee to non-S[redacted] customers. Plaintiff originally argued that the source code material was needed to value S[redacted] for purposes of equitable distribution. Here, however, Plaintiff specifically disclaims this theory and states the source code discovery is required to establish that the software platforms are marital assets.
Defendant moves for an order quashing Plaintiff's demands seeking "source code" discovery (the "Source Code Demands") and a protective order with respect to source code owned by his tech staffing firm, S[redacted], which is being valued for the purposes of equitable distribution. Similarly, in a separate motion, non-party S[redacted] moves to quash the Subpoena and for a protective order with respect to the disclosure of source code and other proprietary information owned by S[redacted], as well as an award of counsel fees incurred in connection with the Subpoena.[FN1]
The movants argue, and Plaintiff concedes, that the Source Code Demands seek proprietary trade secrets of S[redacted] and are only conditionally discoverable if Plaintiff can show that the information is "indispensable to the ascertainment of truth and cannot be acquired in any other way" (citing Ferolito v Arizona Beverages USA, LLC, 119 AD3d 642, 643-44 [2d Dept 2014]) (internal citations omitted). 
Plaintiff made the following duplicate demands in the Subpoena and in Item D-2 of Plaintiff's Third Demand for Discovery and Inspection dated August 25, 2023, and Items E-1(i), E-1(ii) and E-1(iii) of Plaintiff's Fourth Demand for Discovery and Inspection dated September 13, 2023: 
All source codes (both server and client side) for each Software Program, including but not limited to: a) Source code should include both web source code and non-web source code; b) Database source code such as DDL (Database Definition Language) script that describes the creation and details of each Software Program; c) Source code documentation.
Defendant's moving papers center on disproving Plaintiff's original claim that the Source Code Demands are needed to value the Defendant's business. Defendant denies this assertion, and submitted an Affidavit of D.A., the Chief Information Officer of S[redacted], to that effect. D.A. averred that an evaluation of the source code and instructions in the software at issue ". . . would be a herculean task, and . . . would not result in anything like an accurate valuation" [*3](NYSCEF Doc. 140, ¶3, 6). D.A. explained that "[v]aluing software requires an understanding of the value of its use, not its components" (Id., ¶6). Similarly, S[redacted] submitted an Affidavit of F.Z., President and Chief Executive Officer of A.V., Inc., a company which designs, develops, markets and launches digital products. F.Z. opined that the ". . . valuation process is based solely upon the features and capabilities — either existing or anticipated to be developed — of the software product" and that "at no time during an evaluation exercise do we need or request to review any existing source code or other technology related to the product. Such review would have no impact on our assessment of the product's value in the marketplace, and would in fact be a distraction: the specific method of implementation of the product is an internal operational concern that does not affect its value to the marketplace in any way" (NYSCEF Doc. No. 158, ¶6). 
In opposing the motion, Plaintiff argues that the requested information is necessary to determine whether the computer programs at issue are marital property, and, contrary to her prior argument, avers that ". . . the Source Code is sought not for purposes of valuation, but to identify marital property" (NYSCEF Doc. 213, ¶21). To that end, Plaintiff submitted an affidavit of her expert, N.H. (hereafter "N.H.") of The [redacted] Group, Inc., a licensed private investigation firm specializing in high-tech investigations, digital forensics, cyber security, cryptocurrency and blockchain forensics, and eDiscovery, who explained that
[redacted]'s primary task is to determine whether the Software Programs are fundamentally the same software, or fundamentally different, and the timing of their development. That is, we are performing a comparative analysis to differentiate the Software Programs, or to confirm their similarities, and to determine when the latter of these two Software Programs was actually developed, how much of the source code of the former Software Program was re-used if any, and whether the latter of the two Software Programs was in fact developed independently from the former, after the commencement of the action, as Defendant apparently claims (NYSCEF Doc. 223, ¶11).
In completing this task, N.H. asserts that the Source Code information is "absolutely indispensable" and that there is no way for [redacted] to obtain the Source Code (and related data) other than the owner providing it. N.H. states Defendant's claim that disclosure of the Source Code would enable Plaintiff or her expert to change, modify, corrupt, erase or otherwise cause damage to the software causing irreparable and immeasurable harm to S[redacted]" is incorrect. Defendant/S[redacted] would be producing a copy of the Source Code, not the live code running on a web server in its "live state." N.H. states that [redacted] routinely receives and handles highly confidential information in its role as an expert consultant/witness in litigation. He claims [redacted] never has been accused of disclosing protected information in violation of a confidentiality stipulation or court order. Accordingly, Defendant's concerns that [redacted] would disseminate the Source Code, or sell and/or market the software programs are unfounded.
In Reply, Defendant bemoans the loss of time and money spent on the motions in light of Plaintiff's eleventh-hour admission that the Source Code Demands are needed for the purpose of identifying marital property, and not for the purpose of valuing Defendant's business assets. After consulting his attorneys and financial advisors, Defendant states he cannot afford to further defend against this discovery. Accordingly, while Defendant does not admit, agree, or acknowledge that Q[redacted] was developed prior to the date of commencement, or that [*4]Q[redacted] was converted from the TalentS[redacted] software, he will stipulate on behalf of himself and S[redacted], solely for the purposes of this divorce action and to identify marital property, that Q[redacted] is an asset of S[redacted] as of the date of commencement. As such, Q[redacted] and TalentS[redacted] are both marital assets. Since Plaintiff seeks responses to the Source Code Demands solely for the purpose of identifying the software as marital, Defendant's admission resolves the issue and renders the balance of Plaintiff's procedural and substantive arguments moot. To the extent S[redacted] moved for an award of costs and counsel fees, S[redacted] failed to provide evidence in support of the claim by providing the Court with a copy of its retainer agreement with counsel and copies of the relevant invoices. 
Accordingly, it is hereby
ORDERED that the branch of Defendant's motion seeking to quash Item D-2 of Plaintiff's Third Demand for Discovery and Inspection and Items E-1(i), E-1(ii) and E-1(iii) of Plaintiff's Fourth Demand for Discovery and Inspection is granted; and it is further
ORDERED that the branch of Defendant's motion for a protective order precluding Plaintiff from any further efforts to enforce Plaintiff's Third Demand for Discovery and Inspection with respect to Item D-2, and Plaintiff's Fourth Demand for Discovery and Inspection with respect to Items E-1(i), E-1(ii) and E-1(iii) is granted; and it is further
ORDERED that the branch of S[redacted]'s motion seeking to quash, fix conditions of, and/or modify the Supboena issued by Plaintiff to S[redacted] to the extent the Subpoena seeks documents already produced, is granted on consent of the parties; and it is further
ORDERED that the branch of S[redacted]'s motion seeking to quash, fix conditions of, and/or modify the subpoena issued by Plaintiff to S[redacted] to the extent the Subpoena seeks documents which will be produced by Defendant is granted as Defendant has admitted that the software at issue is marital property; and it is further
ORDERED that the branch of S[redacted]'s motion seeking a protective order with respect to the disclosure of source code and other proprietary information owned by S[redacted] is granted, as Defendant has admitted that the software at issue is marital property; and it is further
ORDERED that the branch of S[redacted]'s motion seeking reimbursement of costs, expenses and reasonable attorneys' fees incurred in connection with the Subpoena is denied due to a failure of proof; and it is further
ORDERED that all arguments and evidence submitted on the motions has been considered by the Court notwithstanding a lack of reference thereto; and it is further
ORDERED that the parties and counsel are directed to appear in Courtroom 1003 on May 24, 2024, at 9:00 A.M. for a compliance conference; and it is further
ORDERED that Plaintiff shall serve a copy of this Decision and Order with notice of entry on Defendant and non-party S[redacted] within five days of the date of this Decision and Order, and shall file an affidavit of such service within five (5) days thereafter.
This constitutes the Decision and Order of the Court.
Dated: March 28, 2024
White Plains, New York
ENTER:
HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1:The branch of the S[redacted]'s motion seeking to quash Plaintiff's Subpoena Duces Tecum to the extent the Subpoena seeks documents already produced by the Defendant is moot. Prior to the submission of the motion, Plaintiff's counsel agreed that duplicative material need not be produced.