■ LOLA GOURDINE et al., Appellants, v. PHELPS MEMORIAL HOSPITAL, Respondent, et al., Defendants.— In an action to recover damages for personal injuries and loss of services, on the ground, *inter alia,* of medical malpractice, plaintiffs appeal from an order of the Supreme Court, Westchester County, entered December 15, 1971, which denied their motion to strike the answer of defendant Phelps Memorial Hospital for failure to comply with plaintiffs' notice for discovery and inspection. Order reversed, with $10 costs and disbursements, and motion granted, unless, within 15 days after entry of the order *to be made hereon, defendant Phelps Memorial Hospital fully complies with* items numbered "1", "4" and "6" in plaintiffs' notice for discovery and inspection, and with item numbered "2" therein to the extent that said defendant shall reveal only the time data contained in the anesthesia charts of the particular hospital records requested. Other information contained in those charts and the identity of the patients shall not be disclosed. Plaintiff Lola Gourdine underwent plastic surgery at defendant Phelps Memorial Hospital. She alleges serious injuries as the result of defendants' alleged inadequate postoperative care while she was in the recovery room. After a pretrial examination of the attending anesthesiologist and a nurse, certain facts were not clear, to wit: (1) as to when the anesthesiologist attended Mrs. Gourdine in the recovery room and when he assisted on other operations, (2) as to who the nurses assigned to the recovery room were and (3) whether the nurses complied with recovery room procedures. Plaintiffs sought to clarify those facts through discovery proceedings. In addition, they sought disclosure of the "standards" for hospital accreditation promulgated by the Joint Commission on Hospital Accreditation. Apparently they believe that the hospital may have violated one or more of those standards. Furthermore, they requested the minutes of all staff meetings wherein Mrs. Gourdine's condition was discussed. Although the defendant hospital revealed certain information, it did not fully comply with the notice for discovery and inspection. Thereafter, plaintiffs made the motion under review. Special Term found that the hospital had supplied plaintiffs with all the information they were entitled to receive. We disagree. So far as items "1", "4" and "6" are concerned, we are of the opinion that plaintiffs are entitled to know and the defendant hospital has failed to disclose the information requested, to wit: (1) which nurses were on duty in the recovery room at the time Mrs. Gourdine sustained her alleged injuries [item 1], (2) the hospital's rules and regulations pertaining to the administration of anesthesia, to the duties of nurses, to the keeping of medical records, etc. [item 4] and (3) the standards of accreditation promulgated by the Joint Commission [item 6]. Most importantly, we are of the opinion that the hospital willfully failed to supply plaintiffs with the documents containing this information. Our conclusion is based on the hospital's frivolous excuses offered at Special Term. For

example, to support its refusal to give plaintiffs certain hospital rules and regulations, its attorney averred that "there are no special volumes or books or written rules particularly pertaining to the administration of anesthesia or of the duties of nurses or doctors or the keeping of records *other than volumes in the medical library*" (italics added). Since the rules and regulations are in the hospital's possession, it is duty bound to disclose them. In response to plaintiffs' request for the "standards for hospital accreditation" promulgated by the Joint Commission, the hospital tendered its accreditation certificate. The hospital disclosed only the evidence of compliance with the standards in spite of plaintiffs' documentary proof that the Joint Commission has, on at least three separate occasions, sent a copy of its standards to the hospital. With respect to plaintiffs' request for documents indicating which nurses were on duty in the recovery room, the hospital proffered the recovery room record. That document, however, failed to reveal the desired information. In summary, we are of the opinion that the hospital willfully failed to comply with the demands in items "1", "4" and "6". Consequently, the hospital's answer should have been stricken unless the hospital would disclose the information plaintiffs are entitled to receive under these three items. In regard to item number "2" in the notice for discovery and inspection, the hospital refused to disclose its records of patients unrelated to this litigation, on the ground that those records are privileged communications. In their motion papers submitted to Special Term, plaintiffs qualified their request by seeking only the time data contained in the anesthesia charts. That information is sought to aid in proving that the anesthesiologist was attending other patients at the time he should have been treating Mrs. Gourdine. In our opinion, disclosure of the time data contained in the anesthesia charts of patients unrelated to this litigation would not violate the physician-patient privilege under CPLR 4504. The prohibition of the statute does not apply to ordinary incidents and facts which can be perceived by laymen and which are not necessary for a physician to treat his patient (see *Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449, 453; *Matter of Judicial Inquiry [Anonymous "P"]*, 8 A D 2d 842, 843; see, also, Richardson, Evidence [9th ed.], § 448). However, the disclosure should be limited to the time data. Other information contained in the charts and the identity of the patients should not be revealed. We note that Special Term properly refused to compel disclosure of the minutes of staff meetings wherein Mrs. Gourdine's condition was discussed. The hospital states that no such meetings were held and plaintiffs have offered no proof to the contrary. To compel disclosure of documents apparently nonexistent would be an exercise in futility. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.