■ JOANNE B. HOLIDAY, Individually, as Administratrix of the Estate of, and on Behalf of the Next of Kin of, MICHAEL BOCCIA, Deceased, Appellant, v HARROWS, INC., et al., Defendants, and HUNTINGTON HOSPITAL, Respondent. — In a wrongful death action, plaintiff appeals from three orders of the Supreme Court, Suffolk County (D'Amaro, J.), dated November 9, 1981, February 10, 1982 and March 25, 1982, which, respectively, (1) granted defendants Huntington Hospital and Jenny Nicoletti's motion for a protective order pursuant to CPLR 3103 (subd [a]), (2) "dismissed" plaintiff's motion for leave to "renew and reargue" the motion culminating in the order dated November 9, 1981 and (3) denied plaintiff's motion for leave to "renew" the dismissal of her motion to "renew and reargue". Appeals from the orders dated February 10, 1982 and March 25, 1982 dismissed, without costs or disbursements. No appeal lies from an order in effect, denying a motion to reargue. Although denominated otherwise by the plaintiff, the motions culminating in the orders dated February 10, 1982 and March 25, 1982 were, in reality, motions to reargue, which were denied. Order dated November 9, 1981 modified, by granting defendants Huntington Hospital and Jenny Nicoletti's motion only to the extent of permitting the plaintiff to discover and inspect so much of defendant Huntington Hospital's emergency room records for the 34 patients listed in the plaintiff's notice as concerns the "time data" pertaining to their treatment which may be contained in the particular records requested. All other information contained in those records and the identity of the patients shall not be disclosed. As so modified, order affirmed, without costs or disbursements, and the hospital's time to provide the records in question is extended until 10 days after service upon it of a copy of the order to be made hereon, with notice of entry. This is an action, inter alia, to recover damages for the wrongful death of the plaintiff's decedent due, in part, to the alleged malpractice of certain of the employees of defendant Huntington Hospital. The decedent was admitted to the emergency room of the hospital at 7:30 P.M. on the evening of May 21, 1979 and expired there on the same evening at 10:15 P.M. The theory of the plaintiff's case is that the defendant hospital delayed, inter alia, in examining the decedent and in administering appropriate treatment to him. During the course of discovery, plaintiff was provided with a copy of the emergency room log for the evening of May 21, 1979 with the names of the other (nonparty) patients who were treated that evening deleted, but with the times of their admittance and departure intact. The plaintiff also sought to discover the complete emergency room records pertaining to these other patients, but later restricted her demand to the disclosure of the "time data [relating to the specific times of treatment of these patients] contained in the thirty-four

emergency room records specified in plaintiffs' Notice". Defendants hospital and Jenny Nicoletti (a nurse employed at the hospital) thereupon moved for a protective order precluding such discovery, which was granted by Special Term on the ground, *inter alia,* that the information was privileged pursuant to CPLR 4504 (subd [a]). We disagree. The physician-patient privilege extends only to "information which [a physician has] acquired in attending a patient in a professional capacity, *and* which was necessary to enable him to act in that capacity" (CPLR 4504, subd [a]; emphasis added). Thus, in the instant case, nonmedical information (i.e., "time data"), which is not related to the diagnosis or treatment of the other patients would not fall within the ambit of the statutory prohibition (see *Gourdine v Phelps Mem. Hosp.,* 40 AD2d 694; cf. *Boddy v Parker,* 45 AD2d 1000). Moreover, such information concerning the treatment of the other patients is both material and necessary to the plaintiff's attempt to establish the over-all quality of emergency room care which the decedent received. So much of the order dated November 9, 1981 as precluded a further examination before trial of the defendant hospital was properly granted, however, as the plaintiff has already deposed an emergency room nurse and the doctor who ministered to the decedent, as well as an administrator of the defendant hospital. In seeking a further examination before trial of the defendant hospital by an employee who is familiar with the preparation of the emergency room log, plaintiff maintains that such deposition is warranted because she did not have a copy of the emergency room log at the time of the prior depositions and thus had no opportunity to question the deponents as to its contents. In our opinion, no further examination is warranted. As Special Term properly noted, the information contained in the emergency room log, or at least that to which the plaintiff is entitled, is self-explanatory (cf. *Gregoritsch v Mather Mem. Hosp.,* 88 AD2d 987; *Schiffer v Central Gen. Hosp.,* 71 AD2d 1018). Accordingly, further explication is unnecessary. Gulotta, J. P., O'Connor, Brown and Boyers, JJ., concur.