■ SIDNEY RUBIN et al., Appellants, v ALAMO RENT-A-CAR et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated October 2, 1990, as denied their respective motions for a protective order.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof which required the plaintiffs to bear the costs of redacting and reproducing the documents at issue on this appeal; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to set a schedule for disclosure and the costs of redacting and reproducing the documents at issue on this appeal.

The plaintiff Sidney Rubin was allegedly struck and seriously injured by a vehicle which had been rented from the defendant Alamo Rent-A-Car (hereinafter Alamo) and driven by the defendant Leonard Kleiman. The accident allegedly occurred on Alamo's property in Fort Lauderdale, Florida. Both Rubin and Kleiman were residents of Nassau County.

After the action was commenced, Rubin moved to amend the complaint to add his wife, Lucille Munion, as a plaintiff and to assert a second cause of action to recover damages for loss of business income. The amended complaint alleged that the plaintiff Sidney Rubin was a medical ophthalmic technologist and assisted his wife, Dr. Munion, in her ophthalmological practice. The complaint alleged further that because Rubin

was injured in the accident, he was unable to perform his duties as an ophthalmic technologist, resulting not only in loss of earnings to himself, but also loss of earnings to the medical practice. The plaintiffs then alleged that the medical practice operated as a *per se* partnership, that Rubin did not receive a salary, but shares in the income of the medical practice with his wife, and that in order to ascertain his lost earnings resulting from the accident, it was necessary to establish loss of earnings sustained by the medical practice as a result of his inability to render his services.

Kleiman served notices for discovery and inspection, requesting the production of the plaintiffs' appointment books from 1988 through the present, copies of billing invoices sent by the plaintiffs to health insurance providers, and medical records of the plaintiffs' patients, to the extent they reflected fees charged to the patients and payments made.

The plaintiffs moved for protective orders, contending, *inter alia,* that production of the requested documents would violate the physician-patient privilege, and would cause them unreasonable annoyance.

The court granted the motions to the extent of directing the plaintiffs to make certain redactions from the documents, and otherwise denied the motions. The court also directed the plaintiffs to bear the costs of redaction and reproduction of the documents, and agreed to tax these as costs, should they prevail.

We find that the Supreme Court did not err in directing that the plaintiffs furnish the requested documents in redacted form. The physician-patient privilege provided for in CPLR 4504 (a) extends only to information which a physician acquired in attending to a patient in a professional capacity and which was necessary to enable him or her to act in that capacity *(see, Henry v Lewis,* 102 AD2d 430; *Holiday v Harrows, Inc.,* 91 AD2d 1062). The privilege, if established, is absolute, in the sense that even in matters involving public justice, a court may not compel the disclosure of the confidential information *(see, People v Keating,* 286 App Div 150). However, nonmedical information which is not related to the diagnosis or treatment of the patients would not fall within the ambit of confidential communication, the disclosure of which is prohibited by CPLR 4504 *(see, Holiday v Harrows, Inc., supra).*

Since the extent of Rubin's lost earnings cannot be established without determining the medical practice's lost earn-

ings during the period that Rubin could not allegedly render his services as a result of the accident, the appointment books, billing invoices, and medical records are material and necessary to the defense of this action. Consequently, the Supreme Court's order directing the production of copies of these documents, redacted so as not to violate the physician-patient privilege, was properly made *(see, Henry v Lewis,* 102 AD2d 430, *supra).*

The order is also proper because the defendants have indicated that the request for disclosure is for a limited period of time.

However, we find that the court erred in directing the plaintiffs to bear the costs of redaction and reproduction of the documents. "[E]ach party should shoulder the initial burden of financing his own suit, and based upon such a principle, it is the party seeking discovery of documents who should pay the cost of their [reproduction]" *(Rosado v Mercedes-Benz of N. Am.,* 103 AD2d 395, 398; *see also, Wiseman v American Motors Sales Corp.,* 103 AD2d 230). Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.