[Cite as *Medina v. Medina Gen. Hosp.*, 2011-Ohio-3990.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96171**

---

## ARCELIA MEDINA

PLAINTIFF-APPELLEE

vs.

## MEDINA GENERAL HOSPITAL, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
**AFFIRMED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-698231

**BEFORE:**    Sweeney, J., Kilbane, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**    August 11, 2011

**ATTORNEYS FOR APPELLANTS**

Jeffrey E. Schobert, Esq.
David T. Moss, Esq.
Hanna, Campbell & Powell, L.L.P.
3737 Embassy Parkway, Suite 100
P.O. Box 5521
Akron, Ohio 44334


**ATTORNEYS FOR APPELLEE**

**FOR ARCELIA MEDINA**

Mitchell A. Weisman, Esq.
Weisman, Kennedy & Berris Co.
1600 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

Jerry Esrig, Esq.
Zaideman & Esrig, P.C.
10 S. Riverside Plaza, Suite 1020
Chicago, Illinois 60606

**FOR MARIA GRIFFITHS, M.D.**

Mark R. Jones, Esq.
Roetzel & Andress
1375 East Ninth Street
Ninth Floor
Cleveland, Ohio 44114

(Continued)

**FOR MATTHEW C. MCDONNELL, M.D., ET AL.**

Thomas B. Kilbane, Esq.
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115-1093

**FOR OHIO ANESTHESIOLOGY SERV., ET AL.**

Anna M. Carulas, Esq.
Ingrid Kinkopf-Zajac, Esq.
Roetzel & Andress
1375 East Ninth Street
Ninth Floor
Cleveland, Ohio 44114

JAMES J. SWEENEY, J.:

{¶ 1} Defendant-appellant, Medina General Hospital (the "Hospital") appeals the trial court's order that granted plaintiff-appellee's, Arcelia Medina ("Medina") motion to compel the Hospital to answer certain discovery and denied the Hospital's motion for protective order. This matter is before us on appeal presenting the sole issue of whether the trial court's order involves the disclosure of privileged information contrary to the law. For the reasons that follow, we affirm.

{¶ 2} This is a wrongful death action wherein Medina has asserted causes of action against various defendants including allegations of medical malpractice and negligence. During the course of discovery, Medina requested the Hospital to answer the following interrogatories:

**{¶ 3}** "3. For the period January 1, 2007 through October 9, 2009, state the number of times Lana Mitchell signed an Anesthesia Record for a surgical procedure for which she was the sole anesthesia provider present during the surgery and for which general anesthesia was given to the patient and list the date of each such procedure."

**{¶ 4}** "4. For each procedure included in your answer to Interrogatory No. 3 above, state whether Lana Mitchell charted any numerical values for the patient's end tidal CO2."

**{¶ 5}** The trial court ordered the Hospital to answer the interrogatories, however, limited the time frame to the "period of nine months immediately preceding Victor Medina's surgery." The trial court reasoned that the responsive discovery, i.e., "the number of times defendant Lana Mitchell charted end-tidal CO2 and the intervals at which she did so, does not involve the disclosure of confidential or privileged information." The Hospital has appealed asserting the following error for our review:

**{¶ 6}** "The trial court erred in granting Plaintiff-Appellee's Motion to Compel which required Defendant-Appellant Medina General Hospital to disclose medical information which may only be derived from confidential patient medical records that are statutorily protected pursuant to the statutory physician-patient privilege contained in R.C. 2317.02 and the Health Insurance Portability and Accountability Act (HIPAA)."

**{¶ 7}** The subject order constitutes a final, appealable order only to the extent that the Hospital is asserting that it calls for the disclosure of a privileged matter. R.C.

2505.02. As to matters other than those concerning discovery of privileged matters, the trial court's order is deemed interlocutory, and not final and appealable.

{¶ 8} Civ.R. 26(B)(1) provides "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, electronically stored information, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

{¶ 9} The burden of showing that testimony or documents are confidential or privileged rests upon the party seeking to exclude it. *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258, 263-264, 452 N.E.2d 1304. The decision whether to grant or deny the protective order is within the trial court's discretion, and will not be reversed absent an abuse of that discretion. *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 61, 505 N.E.2d 957. However, we review matters involving the discovery of alleged confidential and privileged information de novo. *Roe v. Planned Parenthood S.W. Ohio Region*, 122 Ohio St.3d 399, 2009-Ohio-2973, 912 N.E.2d 61, ¶29.

{¶ 10} The Hospital contends that the trial court's order violates the physician patient privilege codified in R.C. 2317.02 and as it has been interpreted by the Ohio

Supreme Court in *Roe.* The Hospital also maintains the disclosure involves personal health information and is contrary to the provisions of HIPAA. The Hospital premises its arguments upon its contention that in order to respond to the interrogatories it will have to refer to hospital records pertaining to non-parties.

{¶ 11} "The purpose of [the physician-patient] privilege is to encourage patients to make a full disclosure of their symptoms and conditions to their physicians without fear that such matters will later become public * * *." *State v. Antill* (1964), 176 Ohio St. 61, 64-65, 197 N.E.2d 548. It is the Hospital's position that deriving any information from medical records pertaining to non-parties violates the physician-patient privilege and the Hospital relies heavily upon the Ohio Supreme Court's decision in *Roe.*

{¶ 12} The discovery sought in this case, however, is distinguishable from *Roe*. There, the plaintiff was seeking the production of "any reports of abuse made pursuant to R.C. 2151.421 and the medical records of nonparty minors who had been patients at Planned Parenthood during a ten-year period." Roe urged that disclosure would be permissible if the nonparties personal identifiers were redacted from the records and the balancing test established in *Biddle v. Warren Gen. Hosp.* (1999), 86 Ohio St.3d 395, 715 N.E.2d 518, was employed. In *Roe*, the Ohio Supreme Court held that its decision in *Biddle* pertained only to the tort of unauthorized disclosure and did "not create a right to discover confidential *medical records* of nonparties in a private lawsuit." *Roe*, 122 Ohio St.3d 399, paragraph one of the syllabus (emphasis added). The Ohio Supreme Court instructed that medical records of nonparties are confidential and privileged and the

redaction of personal information does not alter that fact. Id. at 409, citing R.C. 2151.42(H)(1) and 2317.02. Unlike this case, there was no dispute in *Roe* that the discovery involved the disclosure of confidential medical records of nonparties.

{¶ 13} In a later case that distinguished *Roe*, the Ohio Supreme Court stated, "[w]e have never held that the physician-patient privilege provides an absolute protection against the disclosure of medical *information*." *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶29 (emphasis added). The codified privilege at issue protects "communications," as defined in R.C. 2317.02(B)(1), between the health care provider and the patient. For example, the identity of the health care provider(s) that treated the patient is not protected information. See *Turk v. Oiler*, (N.D. Ohio 2010), 732 F.Supp.2d 758, citing, *Ingram v. Adena Health Sys.* (2002), 149 Ohio App.3d 447, 777 N.E.2d 901; *Hudson v. United States Auto. Assoc. Ins. Co.*, 150 Ohio Misc.2d 23, 34-35, 902 N.E.2d 101 (Ohio C.P. 2008). A request is not seeking privileged information under the statute if it does not involve something that the patient communicated to the physician or vice versa. Id.

{¶ 14} In this case Medina seeks the identification of defendant Mitchell's conduct and does not seek the disclosure of nonparty patient's confidential medical records. *Roe* does not preclude discovery of Hospital procedures or its employee's or contractor's practices simply because the non-privileged information is extracted from confidential records. Medina is not seeking the disclosure of any nonparty medical records themselves, which Medina agrees is privileged from disclosure. Medina instead

requested the Hospital to identify non-privileged information in the form of interrogatory answers, which does not involve the disclosure of any nonparty information. The number of times defendant Mitchell charted end-tidal $CO_2$ and the intervals at which she did so is not privileged information but is the equivalent of "time data" that other jurisdictions have found non-privileged. See, e.g., *Tomczak v. Ingalls Mem. Hosp.*, (1972) 359 Ill.App.3d 448, 453, 834 N.E.2d 549, citing, *Gourdine v. Phelps Mem. Hosp.*, 40 A.D.2d 694, 336 N.Y.S.2d 316 (disclosure of time data contained in nonparty patients anesthesia charts did not violate physician-patient privilege); and *Holiday v. Harrows, Inc.*, (1983) 91 A.D.2d 1062, 458 N.Y.S.2d 669.

{¶ 15} Based on the foregoing, we find that the trial court's order does not require the disclosure of non-party patients confidential medical records and does not violate R.C. 2317.02.

{¶ 16} For the same reasons, we conclude that the discovery order does not involve the disclosure of any PHI as defined by HIPAA. It is well-settled that Ohio law is more restrictive in regards to the disclosure of privileged information than HIPAA. "The HIPAA privacy regulation, found in Section 164.512, Title 45, C.F.R. allows disclosure of protected health information in the course of any judicial or administrative proceeding in response to a court order. HIPAA also allows for discovery of privileged health information by subpoena, discovery request, or by other lawful processes if the covered entity receives adequate assurances that the individual who is the subject of the health information has been given notice of the request or that reasonable efforts have been

made to secure a protective order. Section 164.512(e), Title 45, C.F.R." *Grove v. N.E. Ohio Nephrology Assoc., Inc.*, 164 Ohio App.3d 829, 2005-Ohio-6914, 844 N.E.2d 400, ¶22. Because the discovery order at issue does not involve the disclosure of the identities of any non-party patients nor any reasonable basis from which their identities could be determined, it does not violate HIPAA.

Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY EILEEN KILBANE, A.J., and
LARRY A. JONES, J., CONCUR