[Cite as *Leopold v. Ace Doran Hauling & Rigging Co.*, 2012-Ohio-497.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97277**

# TODD L. LEOPOLD, ET AL.

PLAINTIFFS-APPELLEES

vs.

# ACE DORAN HAULING & RIGGING CO., ET AL.

DEFENDANTS-APPELLEES

**[APPEAL BY DANIELLE LAURENCE]**

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-708330

**BEFORE:** Rocco, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEYS FOR APPELLANTS**

**For Danielle Laurence**

Shannon J. George
Ritter, Robinson, McCready & James, Ltd.
405 Madison Ave., Suite 1850
Toledo, Ohio 43604

Bruce S. Goldstein
Bruce S. Goldstein Co., L.P.A.
1009 Ledgewood Trail
Lyndhurst, Ohio 44124-1070

**ATTORNEYS FOR APPELLEES**

**For Todd L. Leopold, et al.**

Philip J. Weaver
Smith Marshall LLP
1425 Superior Bldg.
815 Superior Avenue
Cleveland, Ohio 44115

**For Ace Doran Hauling & Rigging Co., et al.**
**For Stillwagon, et al.**

Brian D. Sullivan, Esq.
Kenneth P. Abbarno
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue West
Cleveland, Ohio 44115-1093

**For American Fire & Casualty Co.**

Donald G. Drinko
1501 Euclid Avenue
Sixth Floor Buckley Building
Cleveland, Ohio 44115

**For Ford Motor Co.**

Barbara A. Lum
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

**For The Netherlands Insurance Co.**

Patti Jo Malnar
Law Offices of John Rasmussen
55 Public Square
Suite 725
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1} Defendant-appellant Danielle Laurence appeals the trial court's order that denied her motion for a protective order. This matter is before this court on an interlocutory appeal filed pursuant to R.C. 2505.02(B)(4), with "the sole issue [being] whether the trial court's order involves the disclosure of privileged information contrary to the law." *Medina v. Medina Gen. Hosp.*, 8th Dist. No. 96171, 2011-Ohio-3990, ¶ 1, 7; *see also Hartzell v. Breneman*, 7th Dist. No. 10 MA 67, 2011-Ohio-2472; *compare Viafora v. Suhail*, 11th Dist. No. 2010-G-2987, 2010-Ohio-5796.

{¶ 2} The underlying matter is a personal injury action originally filed in October 2009, by plaintiffs-appellees Todd Leopold and his wife. The suit results from a multi-vehicle accident that occurred on March 6, 2008. The Leopolds named numerous defendants, including Laurence, who was driving one of the cars involved. Laurence and some of the other defendants subsequently filed cross-claims against each other, seeking contribution or indemnification should the plaintiffs prevail.

{¶ 3} In April 2011, after the Leopolds had filed their third amended complaint, Laurence filed her motion seeking a protective order pursuant to Civ.R. 26(C). She sought to preclude "counsel for any party to this litigation from utilizing [her] medical records [resulting from the accident] * * * for any purpose, including at any deposition of any party or witness, in any motions for judgment on the pleadings, at trial or in any other proceeding * * * ." In her brief in support of her motion, Laurence acknowledged the

following facts.

**{¶ 4}** After the accident, Laurence had made statements to emergency room medical personnel that suggested she may have caused the accident. In November 2008, Laurence had commenced a personal injury action, viz., Case No. CV-676218, which was based upon the accident, against Stephen Stillwater and Ace Doran Hauling and Rigging Co. (hereinafter, referred to in the singular as "Ace"), two defendants whom the Leopolds also had named in the instant action. In responding to Ace's requests for discovery in her case, Laurence had turned over her statements. Laurence subsequently dismissed her case. By the time she filed her motion seeking a protective order in this case, the statute of limitations barred her from refiling CV-676218.

**{¶ 5}** In this case, Leopold argued with respect to her request for a protective order that her waiver of her "physician-patient privilege" in her previous action did not extend to the current case. She further argued that some of the information she provided to the medical personnel might be used by the other parties in this case for improper purposes.

**{¶ 6}** Ace filed a brief in opposition to Laurence's motion. Therein, Ace argued that Laurence's request should be denied because she had not complied with Civ.R. 26(C)'s prerequisites and that her request was overbroad. Ace also argued that Laurence's statements concerning the cause of the accident did not fit within the protection of the physician-patient privilege. The Leopolds later joined in Ace's

opposition to Laurence's Civ.R. 26(C) motion.

{¶ 7} Laurence filed a reply brief, to which Ace filed a responsive brief. In this brief, Ace essentially argued that Laurence had waived her privilege with respect to the statements when she made them in sworn testimony "in the context of her personal injury action."

{¶ 8} On August 15, 2011, the trial court denied Laurence's motion for a protective order without opinion.

{¶ 9} Laurence's appeal of the trial court's order presents one assignment of error,[1] in which she challenges the trial court's order as denying her the protection of physician-patient privilege in violation of R.C. 2317.02(B). Ace, on the other hand, argues that the information Laurence seeks to protect does not fall under the statute's proscription, because Laurence waived her privilege when she filed her action in Case No. CV-676218.

{¶ 10} The burden of showing that testimony and documents are either confidential or privileged rests upon the party seeking to exclude it. *Lemley v. Kaiser*, 6 Ohio St.3d 258, 263-264, 452 N.E.2d 1304 (1983). Moreover, a trial court's decision whether to grant or deny a protective order is one within the trial court's discretion, and will not be reversed absent an abuse of that discretion. *Ruwe v. Bd. of Springfield Twp. Trustees*, 29

---

[1] Laurence's assignment of error states: "The trial court erred in denying Appellant's motion for a protective order, as Danielle Laurence did not waive any medical privilege which would permit the use of her medical records in this case."

Ohio St.3d 59, 61, 505 N.E.2d 957 (1987). However, this court reviews matters involving the discovery of alleged confidential and privileged information de novo. *Roe v. Planned Parenthood S.W. Ohio Region*, 122 Ohio St.3d 399, 2009-Ohio-2973, 912 N.E.2d 61, ¶ 29.

{¶ 11} "The purpose of [the physician-patient] privilege is to encourage patients to make a full disclosure of their *symptoms and conditions* to their physicians without fear that such matters will later become public * * *." (Emphasis added.) *State v. Antill*, 176 Ohio St. 61, 64-65, 197 N.E.2d 548 (1964). Therefore, R.C. 2317.02(B)(1) protects communications between a health care provider and the patient. *Medina v. Medina Gen. Hosp.*, 8th Dist. No. 96171, 2011-Ohio-3990, ¶ 13.

{¶ 12} R.C. 2317.02 provides in relevant part:

"The following persons shall not testify in certain respects:

" * * *

"(B)(1) A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, * * *.

"The testimonial privilege established under this division *does not apply*, and a physician or dentist may testify or may be compelled to testify, in *any* of the following circumstances:

"(a) In *any civil action*, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under *any* of the following circumstances:

" * * *

"(iii) *If* a medical claim, dental claim, chiropractic claim, or optometric claim, * * * *any* other *type of civil action*, or a claim under Chapter 4123. of the Revised Code *is filed by the patient * * * .*

"* * *

"(3)(a) * * * [A] physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist *by the patient in question* in that relation, or the physician's or dentist's advice to the patient in question, that *related causally or historically to physical or mental injuries* that are *relevant to issues in the medical claim * * *.*"   (Emphasis added.)

{¶ 13} There "existed no physician-privilege at common law. * * *   Since the privilege is in derogation of the common law, it must be strictly construed against the party seeking to assert it.   * * * [O]ur decisions have long reflected the belief that discovery should be liberally allowed." *Bogart v. Blakely*, 2d Dist. No. 2010 CA 13, 2010-Ohio-4526, ¶ 23, citing *Arroyo v. Wagon Wheel Auto Sales Inc.*, 2d Dist. No.

18235, 2000 WL 1133167 (Aug. 11, 2000).

{¶ 14} According to R.C. 2317.02(B)(1)(a)(iii), the privilege is waived if the patient filed a civil action. Laurence asserts that, since this action is not the one she herself filed, if the trial court order stands, she will be required to waive her privilege beyond the extent to which she intended. *Bogart*, ¶ 29. In addressing that same assertion, the court in *Menda v. Springfield Radiologists,* 136 Ohio App.3d 656, 737 N.E.2d 590 (2d Dist.2000) made the following pertinent observations:

"We disagree with [defendant's] conclusion that the legislature could not have intended for a waiver of physician-patient privilege in one case to operate, *at least in some situations*, as a waiver in another case. The plain language of R.C. 2317.02(B) sets forth that the physician-patient privilege does not apply if the patient files a medical claim or 'any other type of civil action' which *puts the mental or physical condition about which he saw the physician at issue.* This is precisely what [defendant] did when he filed suit previously. The language of the statute does not limit the waiver to use of the information only in the patient's case. Moreover, the privacy concern which seems to have been central to the legislature's creation of the privilege is not compelling in a situation such as this one where [defendant] *has already revealed* his * * * health problems by filing a claim for [personal injury]." (Emphasis added.)

{¶ 15} This court agrees with the foregoing analysis as it applies in this case. Laurence's decision to file a claim of personal injury against Ace, which was based upon the same accident that underlies the basis for the claims and defenses posed by the parties herein, served to waive her physician-patient privilege with respect to that accident pursuant to R.C. 2317.02(B). *Id.*

{¶ 16} Accordingly, the trial court did not err in denying Laurence's motion for a protective order, and her assignment of error is overruled.

Affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS
(SEE ATTACHED DISSENTING OPINION)

SEAN C. GALLAGHER, P.J., DISSENTING:

**{¶ 17}** I respectfully dissent from the majority opinion. I would reverse the ruling of the trial court because the medical records are protected under the physician-patient privilege, R.C. 2317.02.

**{¶ 18}** The majority relies upon the Second District Court of Appeals decision in *Menda v. Springfield Radiologists*,136 Ohio App.3d 656, 737 N.E.2d 590 (2d Dist.2000), which held that the waiver of the physician-patient privilege by filing a civil suit that puts the plaintiff's mental or physical health at issue also extends to separate lawsuits. However, as the Second District recognized in a later case, "our holding in *Menda* has most probably been overruled by the decision of the Supreme Court of Ohio in *Hageman v. S.W. Gen. Health Ctr.*[, 119 Ohio St.3d 185, 2008-Ohio-3343, 893 N.E.2d 153]." *State v. Branch*, 2d Dist. No. 22030, 2009-Ohio-3946, 2009 WL 2436867, ¶ 77. In *Hageman*, the Ohio Supreme Court specifically held that "when the cloak of confidentiality that applies to medical records is waived for the purposes of litigation, the waiver is limited to that case" and that "waiver of medical confidentiality for litigation purposes is limited to the specific case for which the records are sought * * *." *Id.* at ¶ 17, 20.

**{¶ 19}** Laurence did not file the present action, and her medical condition is not at issue herein. Rather, appellees are seeking to impose liability upon Laurence for the accident that occurred. Contrary to appellees' argument, the statements Laurence made

to medical personnel as to how the accident happened were made for the purposes of medical diagnosis or treatment. Appellees wish to use Laurence's privileged communications to impeach her testimony, claiming the evidence constitutes prior inconsistent statements. However, appellees fail to cite any authority establishing that a party may reference inadmissible, privileged communications in an attempt to impeach the credibility of a witness.

{¶ 20} Pursuant to *Hageman*, the fact that Laurence waived the physician-patient privilege in a separate civil action does not effect a waiver of the privilege in this action. *See id.* Therefore, Laurence's medical records are not subject to disclosure, and the trial court erred in denying her motion for a protective order.