LEOPOLD ET AL., APPELLEES, *v.* ACE DORAN HAULING & RIGGING COMPANY ET AL., APPELLEES; LAURENCE, APPELLANT.

[Cite as *Leopold v. Ace Doran Hauling & Rigging Co.,* 136 Ohio St.3d 257, 2013-Ohio-3107.]

*Evidence—Physician-patient privilege—R.C. 2317.02(B)(1)—Exception to privilege in R.C. 2317.02(B)(1)(a)(iii)—Statement to hospital personnel in previous case involving same accident admissible in subsequent case filed by different party—Physician may testify or be compelled to testify only as to communication that related causally or historically to physical or mental injuries relevant in the other civil action.*

(No. 2012-0438—Submitted February 5, 2013—Decided July 18, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 97277, 2012-Ohio-497.

_____

**SYLLABUS OF THE COURT**

1. R.C. 2317.02(B)(1) establishes the physician-patient testimonial privilege and prohibits a physician from testifying about a communication made to the physician by a patient.

2. The General Assembly has carved out exceptions to the physician-patient privilege in certain instances and a physician may testify or be compelled to do so in any civil action if any type of civil action or claim under R.C. Chapter 4123 is filed by the patient.

3. When the physician-patient privilege described in R.C. 2317.02(B)(1) does not apply as provided in R.C. 2317.02(B)(1)(a)(iii), a physician may testify or be compelled to do so only as to a communication that related causally or historically to physical or mental injuries relevant in the other civil action.

_____

**O'DONNELL, J.**

{¶ 1}   Danielle Laurence appeals from a judgment of the Eighth District Court of Appeals affirming a decision of the trial court denying her request for a protective order seeking to prohibit Stephen Stillwagon and Ace Doran Hauling & Rigging Company from using statements she made to emergency room personnel that she had produced in a prior lawsuit she filed against Stillwagon and Ace Doran arising out of the same accident.  The appellate court held that Laurence waived the physician-patient privilege by filing a personal injury action seeking recovery for her injuries and therefore the trial court correctly denied her request for a protective order.

{¶ 2}   In this circumstance, we need not reach the waiver issue to resolve this case.  Pursuant to the statute establishing the physician-patient privilege, at least two separate provisions apply and specify that the statements made by Laurence are no longer privileged.  For these reasons, we affirm the judgment of the appellate court.

### *Facts and Procedural History*

{¶ 3}   On March 6, 2008, a multivehicle accident occurred on Interstate 90 in Cleveland, Ohio.  Among the vehicles involved were a tractor-trailer driven by Stephen Stillwagon transporting goods for Ace Doran and two cars, one driven by Laurence and one driven by Todd Leopold.  Emergency medical personnel transported Laurence to MetroHealth Medical Center for treatment as a result of the accident.  At that time, she told emergency room personnel that she had hit a car in front of her and then was hit from behind by a semi and pushed into a concrete wall.

{¶ 4}   In November 2008, Laurence sued Stillwagon and Ace Doran, seeking recovery for personal injuries she suffered in the accident.  In discovery,

she produced her medical records, which defense counsel used when they deposed her; after that deposition, she voluntarily dismissed her case.

{¶ 5} In October 2009, Todd Leopold and his wife, Linda, sued Stillwagon, Ace Doran, and Ace Doran Brokerage Company, seeking recovery for injuries sustained in the same accident. They dismissed the brokerage company and amended their complaint to add Laurence, asserting that her negligence had caused the accident. Laurence then cross-claimed against Stillwagon and Ace Doran for contribution or indemnification, claiming that Stillwagon had caused the collision. Stillwagon and Ace Doran thereafter cross-claimed against her for indemnification or contribution, contending that she had caused the accident.

{¶ 6} On April 29, 2011, Laurence moved for a protective order, seeking to preclude counsel from using the medical records she produced in her 2008 lawsuit. She claimed that the physician-patient privilege protected her medical records from disclosure and that her prior waiver of the privilege applied only to her 2008 lawsuit. The court denied her motion, and she appealed. The appellate court affirmed the denial, concluding that "Laurence's decision to file a claim of personal injury against [Stillwagon and Ace Doran], which was based upon the same accident that underlies the basis for the claims and defenses posed by the parties herein, served to waive her physician-patient privilege with respect to that accident pursuant to R.C. 2371.02(B)." 2012-Ohio-497 at ¶ 15.

{¶ 7} We accepted Laurence's discretionary appeal, in which she claims that a patient's production of medical records in discovery in a civil action does not waive the physician-patient privilege for all subsequent litigation. She asserts that the trial and appellate courts have created a judicial waiver of the statutory physician-patient privilege and maintains that Ohio citizens have a constitutional and statutory right to have Ohio courts enforce the physician-patient privilege. She further relies on *Hageman v. Southwest Gen. Health Ctr.*, 119 Ohio St.3d

185, 2008-Ohio-3343, 893 N.E.2d 153, ¶ 17, for the proposition that "when the cloak of confidentiality that applies to medical records is waived for the purposes of litigation, the waiver is limited to that case."

{¶ 8} The Leopolds concur. They contend that Laurence's emergency room records are inadmissible because her medical condition is not at issue in this case, and they maintain that she preserved the privilege by voluntarily dismissing her 2008 lawsuit, thereby preventing disclosure of her records to the public. They urge us to follow *Hageman* and hold that the privilege is not waived when a medical condition is not at issue in a subsequent civil action, the medical records have not been made public, and a timely objection has been raised.

{¶ 9} Stillwagon and Ace Doran claim that Laurence waived the physician-patient privilege because she voluntarily produced her medical records in related litigation she filed against them, and upon dismissal, she neither requested that her testimony be sealed nor insisted that the medical records be destroyed or returned to her. They acknowledge that the purpose of the physician-patient privilege is to protect the privacy of the patient, but that purpose is not served when a litigant has previously disclosed medical information protected by the privilege in separate litigation involving the same defendants. They distinguish *Hageman* because it concerned the liability of an attorney for the unauthorized disclosure to a third party of medical information obtained through litigation that arose from a different and unrelated set of circumstances, while this case concerns the same accident and involves the same parties originally sued by Laurence.

{¶ 10} Accordingly, the issue presented in this appeal is whether the physician-patient privilege protects medical records that a patient has previously disclosed in discovery to some of the same parties in previous litigation arising from the same accident.

### *Law and Analysis*

{¶ 11} R.C. 2317.02 provides:

> The following persons shall not testify in certain respects:
> * * *
> (B)(1) A physician * * * concerning a communication made to the physician * * * by a patient in that relation or the physician's * * * advice to a patient, *except as otherwise provided in this division*, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.

(Emphasis added.)

{¶ 12} At issue in this case is a legislatively created exception to this privilege contained in R.C. 2317.02(B)(1)(a)(iii), which is further restricted by R.C. 2317.02(B)(3)(a).

{¶ 13} R.C. 2317.02(B)(1)(a)(iii) provides:

> The testimonial privilege established under this division *does not apply*, and a physician * * * may testify or may be compelled to testify, in *any* of the following circumstances:
> (a) In any civil action, * * * or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:
> * * *

> (iii) If a medical claim [or] * * * *any other type of civil action*, or a claim under Chapter 4123. of the Revised Code *is filed by the patient * * *.*

(Emphasis added.)

{¶ 14} This exception is all-inclusive as to the *type* of civil action that may be filed by the patient and does not contain any exclusion for or limitation of indemnification or contribution claims. Laurence filed a type of civil action in the instant litigation—one for indemnification or contribution—against Stillwagon and Ace Doran. Hence, because Laurence filed a cross-claim, the elements of the exception contained in R.C. 2317.02(B)(1)(a)(iii) are satisfied, with the result that the testimonial privilege does not apply and a physician may testify or may be compelled to testify to the communications.

{¶ 15} The limitation at issue is contained in R.C. 2317.02(B)(3)(a):

> *If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section*, a physician * * * *may be compelled to testify or to submit to discovery* under the Rules of Civil Procedure *only as to a communication made to the physician * * * by the patient* in question in that relation, or the physician's * * * advice to the patient in question, *that related causally or historically to physical or mental injuries that are relevant to issues in the * * * other civil action*.

(Emphasis added.)

{¶ 16} This subsection applies because the elements are satisfied by the facts as demonstrated in this case. The original statement made by Laurence to

emergency room personnel in the case she filed and later voluntarily dismissed relates causally and historically to injuries that are relevant to issues in her cross-claim because that statement is her own version of how the accident occurred. Since the statute provides that a physician may testify or be compelled to testify to communications that relate causally or historically to physical or mental injuries relevant to issues in the other civil action, her statement is not protected by the privilege.

{¶ 17} Thus, pursuant to R.C. 2317.02(B)(3)(a) a physician may be compelled to testify or submit to discovery only as to a communication made by the patient that related causally or historically to physical or mental injuries relevant to issues in the other civil action. Laurence's statement related both causally and historically to how the accident occurred and consequently to the injuries and damages that could be awarded as a result of it. Thus, the privilege does not apply.

*Conclusion*

{¶ 18} R.C. 2317.02(B)(1) establishes the physician-patient testimonial privilege and prohibits a physician from testifying about a communication made to the physician by a patient. The General Assembly has carved out exceptions to this privilege in certain instances, and a physician may testify or be compelled to do so in any civil action if any type of civil action or claim under R.C. Chapter 4123 is filed by the patient. When the physician-patient privilege described in R.C. 2317.02(B)(1) does not apply as provided in R.C. 2317.02(B)(1)(a)(iii), a physician may testify or be compelled to do so only as to a communication that related causally or historically to physical or mental injuries relevant in the other civil action.

{¶ 19} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY and FRENCH, JJ., concur.

PFEIFER, LANZINGER, and O'NEILL, JJ., dissent.

———————————

**LANZINGER, J., dissenting.**

{¶ 20} I respectfully dissent and would reverse the judgment of the court of appeals. I would apply *Hageman v. Southwest Gen. Health Ctr.*, 119 Ohio St.3d 185, 2008-Ohio-3343, 893 N.E.2d 153, to reaffirm that "waiver of medical confidentiality for litigation purposes is limited to the specific case for which the records are sought." *Id.* at ¶ 20. The medical records in this case are protected by the physician-patient privilege, for although Laurence filed a cross-claim in this case, the cross-claim did not place Laurence's medical condition at issue.

*Hageman v. Southwest Gen. Health Ctr.*

{¶ 21} In *Hageman*, we affirmed the judgment of the court of appeals that reversed the trial court's entry of summary judgment in favor of an attorney who had disclosed an opposing party's medical records without authorization. We held that "[a]n attorney may be liable to an opposing party for the unauthorized disclosure of that party's medical information that was obtained through litigation." *Id.* at syllabus.

{¶ 22} The attorney, who represented the wife in a divorce and custody proceeding, obtained the husband's medical records from his psychiatrist pursuant to a waiver. Later, the attorney gave a copy of those records to the prosecutor for use in a criminal proceeding against the husband. Writing for a plurality of the court, Chief Justice Moyer first set forth the basic policy of confidentiality established in *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395, 715 N.E.2d 518 (1999). He observed, "If the right to confidentiality is to mean anything, an individual must be able to direct the disclosure of his or her own private information." *Hageman* at ¶ 13. In rejecting the same expansive waiver for medical records that the appellees now urge in this case, Chief Justice Moyer stated that "there is neither a legal justification for nor a practical benefit to the

proposition that a waiver for a specific, limited purpose is a waiver for another purpose." *Id*. at ¶ 14. He explained that "[c]reating an expansive waiver would be inconsistent with the generally recognized confidentiality provisions in Ohio and federal law." *Id.* at ¶ 15. Although the husband admitted that he had made his health an issue in the divorce action by filing a cross-claim seeking custody of his minor child, the waiver of the medical privilege was limited to that case and was not effective in the second.

{¶ 23} The majority opinion in the instant case does not take a position on the application of *Hageman*, although it sets forth the parties' arguments with respect to this earlier case. I believe that the reasoning expressed in *Hageman* should apply here as well for the protection of the confidentiality of medical records. Laurence originally waived her privilege in a separate action that was eventually dismissed. She did not file this second case. She filed only a cross-claim for indemnification.

{¶ 24} The filing of a cross-claim in an indemnification action is not "any other type of civil action" that provides an exception to the physician-patient privilege within the meaning of R.C. 2317.02(B)(1)(a)(iii). When read in context, that section relates to claims in which the patient has placed her medical condition at issue and states that the testimonial privilege will not apply if:

> a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in *section 2305.113 of the Revised Code*, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or the patient's guardian or other legal representative.

**{¶ 25}** In *Hageman,* although the vote on the ultimate issue was split, all justices agreed that the husband had waived his physician-patient privilege when he filed a counterclaim that placed his medical condition at issue. *See id.* at ¶ 14 (Moyer, C.J., joined by Pfeifer and Lanzinger, JJ.); ¶ 23 (Cupp, J., concurring in syllabus and judgment only, joined by O'Connor, J.); and ¶ 32 (O'Donnell, J., dissenting, joined by Lundberg Stratton, J.). That counterclaim is properly seen as an "other type of civil action" within the meaning of the statute. But I now respectfully disagree that the phrase "any other type of civil action" was meant to extend to every type of claim, particularly a claim such as the cross-claim in this case, which does not relate to a personal injury or other health issue but merely to indemnification or contribution.

**{¶ 26}** Laurence's medical condition is not at issue. Her medical records are protected by R.C. 2317.02(B)(1), and the privilege was not waived in this pending lawsuit. She is entitled to a protective order, and on these grounds, I dissent.

PFEIFER and O'NEILL, JJ., concur in the foregoing opinion.

_____

Smith Marshall, L.L.P., and Philip J. Weaver, for appellees Todd L. Leopold and Linda Leopold.

Ritter, Robinson, McCready & James, Ltd., and Shannon J. George; and Bruce S. Goldstein Co., L.P.A., and Bruce S. Goldstein, for appellant.

Reminger Co., L.P.A., and Brian D. Sullivan, Kenneth P. Abbarno, and Martin T. Galvin, for appellees Stephen L. Stillwagon, Ace Doran Rigging & Hauling Company, and Ace Doran Brokerage Company.

_____